COMMONWEALTH of Kentucky, for the Use and Benefit of the CITY OF ERLANGER, KENTON COUNTY, Kentucky, Appellant,

v.

John CULLUM and Gladys Cullum, Appellees.

Court of Appeals of Kentucky.

May 4, 1973.

Frank A. Wichmann, Covington, David Murrell, Asst. Atty. Gen., Frankfort, for appellant.

William E. Wehrman, Wehrman & Wehrman, Covington, for appellees.

CATINNA, Commissioner.

This is an appeal from a judgment of the Kenton Circuit Court declaring an ordinance of the City of Erlanger void in that it violated Section 2 of the Kentucky Constitution.

The ordinance of the City of Erlanger reads as follows:

"Sec. 154.01 No person, association of persons or corporation shall cause any trailer, whether house trailer, portable building or portable structure to be used

as a dwelling, a business office or otherwise, whether resting on its own wheels or on a temporary or permanent foundation and whether connected to water, and/or sewer main and/or electric power lines shall be parked, rested, installed, or maintained within the corporate limits of the City of Erlanger, except those trailers, portable building or portable structure parked in duly licensed trailer camps unless specifically authorized by a majority vote of the common council.

Sec. 154.02 No license for the operation of a trailer camp shall be issued except as provided by chapter 110.

Sec. 154.99 Any person who violates any provision of this chapter shall be fined not less than $10.00 nor more than $100.00, and each day that any house trailer remains parked illegally shall constitute a separate offense."

John Cullum and Gladys Cullum parked a mobile home or house trailer within the city limits of Erlanger. The mobile home was not parked in a duly licensed trailer camp, nor was its location within the city limits authorized by a majority vote by the common council. Upon its being determined that the Cullums were in violation of the ordinance, they were tried in the police court of the City of Erlanger, found guilty, and fined $50.

The Cullums appealed to the Kenton Circuit Court, contending that the ordinance was unconstitutional in that it violated Section 2 of the Kentucky Constitution by vesting the council with arbitrary powers contrary to the specific prohibition of the Constitution. The city and the Cullums agree that the portion of the ordinance reading "unless specifically authorized by a majority vote of the common council" is void. The Cullums insist that the invalidity of this particular clause invalidates the entire ordinance, while it is the contention of the city that this clause alone should be deleted from the ordinance.

From an examination of the ordinance, its title, and substance we are of the opinion that it is apparent that the ordinance would not have been enacted by the council unless the clause, as quoted, had been included therein; therefore, the entire ordinance is invalid. Cf. KRS 446.090. Mann v. City of Fort Thomas, Ky., 437 S. W.2d 209 (1969); Burns v. Shepherd, Ky., 264 S.W.2d 685 (1954).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.