**Mary Dean Romani LEVIN, Appellant,**

v.

**Charles FERRER, Administrator of Estate of Grayce S. Farson, Deceased, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1975.

---

E. Gaines Davis, Jr., Frankfort, John B. Garvey, Jr., Towson, Md., for appellant.

Charles M. Daniels, Greenup, C. B. Creech, Creech, Hogg & Williams, Ashland, for appellee.

CATINNA, Commissioner.

Mary Dean Romani Levin appeals from an order of the Greenup Circuit Court denying her motion for relief under CR 60.02 from a final judgment entered in the action of Grayce S. Farson, widow, versus Mary Dean Romani and Albert Romani, her husband, and Howard VanAntwerp, III, and Jane VanAntwerp, his wife. Charles Ferrer, administrator of the estate of Grayce S. Farson, filed a motion to dismiss the appeal because indispensable parties were not named as appellees.

This is the second appeal to this court in this proceeding. Our opinion in the prior appeal—Ky., 505 S.W.2d 182 (1973)—affirmed the judgment of the Greenup Circuit Court from which Mary Dean now seeks relief under CR 60.02.

A consideration of the motion to dismiss the appeal for failure to join indispensable parties requires a discussion of the background of this case. Grayce was the owner of a rather large tract of land in Greenup County. Mary Dean, the adopted daughter of Grayce, took her mother to the law office of Howard VanAntwerp, III, where arrangements were made by which Grayce deeded the property to VanAntwerp. He then conveyed the property to Grayce and Mary Dean, jointly, with right to survivorship. Grayce apparently had second thoughts in regard to the deed and, possibly with a little assistance from some of her relatives, concluded that she had been overreached. On March 30, 1970, she filed an action to cancel the deed. The defendants in the action were identified as Mary Dean Romani and Albert Romani, her husband, and Howard VanAntwerp, III, and Jane Antwerp, his wife. Following a rather lengthy trial, a judgment was entered declaring the deed executed by Grayce to VanAntwerp to be null and void and the deed executed by VanAntwerp to Grayce and Mary Dean null and void.

Mary Dean appealed to this court and on February 19, 1972, while this appeal was pending, Grayce died. This court, by an order entered on May 18, 1972, substituted as parties for Grayce Farson, Charles Ferrer and Callie Patton, as devisees, and Callie Patton and Amanda Stevens, as co-executors of the will.

After Grayce filed the suit to cancel the deed, she made wills which disposed of the property in litigation. By will dated January 6, 1971, she devised a part of the tract to Callie Patton, the sum of $500 to Mary Dean, and the residue to her grandson, Charles Ferrer. By another will dated September 16, 1971, she left Charles $20,000 and devised the remainder of her property to Mary Dean Romani.

The January 6, 1971, will was probated on March 13, 1972, and Mary Dean appealed from the order of probate. The county court refused to probate the will of September 16, 1971.

To further compound this utter confusion Mary Dean filed a motion for relief from the judgment cancelling the deed, asserting that the judgment was void because of perjured testimony and fraud practiced upon

the court by Grayce Farson, Callie Patton, and Charles Ferrer. The trial court denied the motion upon the ground that it had not been timely filed, and from such denial Mary Dean prosecutes this appeal. The statement of appeal designated as appellee, Charles Ferrer, administrator of the estate of Grayce S. Farson. The parties named in the prior appeal were not again designated. Consequently, the motion was made to dismiss the appeal because indispensable parties were not named. This court is of the opinion that this motion is well taken.

CR 19.01 provides that "a person who is subject to service of process, either personal or constructive, shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

This rule has been applied primarily in proceedings originating in the circuit and inferior courts, and this court has never fully considered the question of necessary parties to an appeal or the result of a failure to designate them. CR 19.01 was amended in 1969 and the designation "indispensable party" was eliminated from the rule. However, a practical approach to the determination of what parties should be properly joined and the criterion for such joinder leads us back to a consideration of the question of whether a party is indispensable. Long ago, *Shields v. Barrow*, 17 How. 129, 58 U.S. 129, 15 L.Ed. 158 (1854), defined an "indispensable party" as:

"Parties who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience * * * ."

In *Caldwell Manufacturing Company v. Unique Balance Company*, 18 F.R.D. 258 (D.C.1955), the court said:

"Unless the absence of an indispensable party is subsequently cured by his joinder dismissal must result. Such defect is jurisdictional."

The question of who may or may not be a necessary party to this appeal, and possibly to the CR 60.02 proceeding in the trial court, requires some added facts. The CR 60.02 proceeding was styled Grayce S. Farson, plaintiff, versus Mary Dean Romani, et al., defendants. Evidence was taken upon this motion with the notice to take depositions designating the parties as being Charles Ferrer, Sandra Ferrer, Amanda Stevens, Estates of Callie Patton, Minnie Belle Patton, Administratrix. At another place in the proceeding, there is a statement reading: "Comes Grayce S. Farson, a widow, deceased, by and through Charles Ferrer and Amanda Stevens, substitute plaintiffs herein." At another place in the supplemental record, Charles Ferrer and Amanda Stevens state that they had been substituted as plaintiffs in the place of Grayce S. Farson, deceased. Charles Ferrer also testified that Amanda Stevens and Callie Patton had been appointed executors of the will that had been probated. The probate of this will of January 6, 1971, deserves some further consideration. The will devised a part of the tract of the land described in the litigation to Callie Patton with the residue to Charles Ferrer. The deed which Grayce had caused to be executed to her and her adopted daughter, Mary Dean Romani, had been declared null and void by a judgment entered August 31, 1971, the effect of which was that the title to the real estate had immediately vested in Grayce. Thus, at the time of her death on February 19, 1972, she was the owner of the real estate, and when the will was probated on March 13, 1972, title to this property immediately vested in Callie Patton and Charles Ferrer. Stewart v. Morris, 313 Ky. 424, 231 S.W.2d 70 (1950).

■ Only the parties to an appeal are bound by the appellate court's disposition of the proceeding. In *Phillips v. Keel,* 24 KLR 1752, 72 S.W. 272 (1903), pending a hearing on exceptions filed to a report of sale of real property by the master commissioner, one of the parties to the proceeding died. W. J. Keel, Sheriff of Pike County and Public Administrator, qualified as administrator with will annexed of the estate of the deceased party and petitioned that he be made a party to the proceeding in his capacity as administrator and moved that the report of sale be confirmed, which was granted. After confirmation of the sale an appeal was prosecuted to the Court of Appeals setting out numerous grounds for reversal. In discussing the statement of appeal, the court said:

"* * * But in their statement, filed in conformity with section 739 of the Civil Code, the only person named as an appellee is W. J. Keel, sheriff of Pike county, who has no pecuniary interest in the matter, so far as we are able to discover. The real parties in interest—the purchasers of the land and their transferees—are not made parties, and would not be affected by any judgment this court might direct to be entered in case we should conclude that the judgment appealed from was erroneous."

The appeal was dismissed.

Section 739 of the Civil Code is now RCA 1.090 which provides that a statement of appeal shall set forth "the name of each appellant and each appellee (only parties named are before the court—'et al.,' and 'etc.' are not proper designations of parties)." See also *Combs v. Combs,* 144 Ky. 389, 138 S.W. 629 (1911).

The subject matter of this litigation involved a determination of the owners of the real property described in the original proceeding filed by Grayce Farson. This property was passed by the will of Grayce to Charles Ferrer and Callie Patton who are proper and necessary parties to the proceeding, as they will have title to the property if the appeal fails.

Section 506 of the Civil Code, Revivor of Actions, provided:

"Upon the death of a defendant in an action for the recovery of real property only, or which concerns only his rights or claims to such property, the action may be revived against his *real representatives* or any of them, * * * ." (Emphasis ours.)

Section 732(18) of the Civil Code provided that the words "real representatives" mean the heir or devisee of real property of a deceased person. While it is true that Section 732 has long since been repealed as being obsolete and Section 506 has been replaced, in effect, by CR 25.01, the definition of real representative and his place in litigation involving real property has not changed.

■ The only people who will be affected by the outcome of the present litigation are the real representatives of Grayce Farson, who are her devisees, Charles Ferrer and Callie Patton. Charles Ferrer, as administrator, has no interest in or title to the real property involved and a judgment for or against him would be totally ineffective. *Land v. Salem Bank,* 279 Ky. 449, 130 S.W.2d 818 (1939). Cf. *Commonwealth of Kentucky v. L. G. Wasson Coal Mining Corporation,* Ky., 358 S.W.2d 347 (1962).

For the reasons indicated, the motion to dismiss the appeal must be and is granted.

The appeal is dismissed.

All concur except LUKOWSKY, J., not sitting.