A & H TRUCK LINE, INC., Appellant,

v.

KENTUCKY OCCUPATIONAL SAFETY
AND HEALTH REVIEW
COMMISSION, Appellee.

Supreme Court of Kentucky.

April 16, 1976.

George M. Catlett, Frankfort, for appellant.

Iris R. Barrett, Kentucky Occupational Safety & Health Review Com'n, Frankfort, for appellee.

PER CURIAM.

The Kentucky Occupational Safety and Health Review Commission upheld a citation issued by a compliance officer of the Kentucky Department of Labor, Division of Occupational Safety and Health, alleging the violation of certain occupational health and safety standards by the A & H Truck Lines, Inc., at its terminal in Owensboro. A & H appealed from this order to the Franklin Circuit Court designating as appellee the Kentucky Occupational Safety and Health Review Commission. The appeal was dismissed because A & H had failed to join the Kentucky Department of Labor as an indispensable party.

The only question before the court upon this appeal is whether the Kentucky Department of Labor is an indispensable party.

The Review Commission was created as an administrative review board within the Department of Labor. KRS Title XXVII. Labor and Human Rights, Chapter 338, Safety and Health of Employees. Its authority is limited in the final analysis to hearing appeals from citations, notifications, and variances and the issuance of an order disposing of the proceeding. KRS 338.071. The authority to enforce any order issued by the Review Commission is specifically vested in the Kentucky Department of Labor. KRS 338.101, 338.181, and 338.191. It is only when the department elects to enforce orders of the Review Commission that their full effect become evident; otherwise, they are an absolute nullity.

Without the Department of Labor to enforce its orders, the Review Commission is helpless. CR 19.01 requires the joinder of a party if in its absence complete relief cannot be accorded among those already parties. The circumstances presented in this proceeding conclusively establish that there can be no final disposition of the appeal without the presence of the Kentucky Department of Labor. Thus, it is an indispensable party.

The judgment is affirmed.

All concur.