Jerry CARLTON, Wendell Bruce, John N. Cunningham, Mike Richey and Robert Stivers, Members of the Lawrenceburg Board of Zoning Adjustment, and the Lawrenceburg Board of Zoning Adjustment, Bernice Wayne Burke, Hollie Warford, Sr., Kenneth Hoskins, Thomas Searcy, James Link, Raymond Carlton, Ann Whitt, Gene Williams, W. T. McCoun, Members of the Lawrenceburg-Anderson County, Kentucky Joint Planning Commission, and the Lawrenceburg-Anderson County, Kentucky Joint Planning Commission, and Board of Education of Anderson County, Kentucky, Appellants,

v.

William C. TAYLOR, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1978.

Rehearing Denied April 14, 1978.

Discretionary Review Denied Sept. 12, 1978.

Dale Wright, Ollie J. Bowen, Lawrenceburg, for appellants.

Robin Griffin, Miller, Griffin & Marks, Lexington, for appellee.

Before PARK, WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment of the trial court, without the intervention of a jury, and involves the application for a building permit to construct a building which would be used for a liquor business within the city limits of Lawrenceburg, Kentucky, in an area zoned Business District-Local. The application was denied by the City Building Inspector, and the appellee perfected an appeal to the Zoning Board of Adjustment. On April 19, 1976, an extensive public hearing was conducted, at which time the Zoning Board of Adjustment unanimously upheld the denial by the Building Inspector. On May 18, 1976, appellee filed a complaint in the circuit court and that court found the zoning sections relied on for the denial to be unconstitutional in a judgment entered on December 13, 1976. Following various unsuccessful motions after judgment, the appellants filed a notice of appeal on February 12, 1977, in this Court.

The question presented is whether the trial judge committed reversible error in nullifying the zoning provisions of the city ordinance and authorizing a permit to be issued.

This Court reverses the judgment of the trial court.

The trial court was correct in finding that Section 18–36(a)(4) was unconstitutional for failure to delineate standards by which the Board of Adjustment could approve exceptions to uses permitted in local business districts. The contention that the unconstitutional provision is void and is of no effect does not vitiate the remaining portions of the ordinance which contained a severability clause, as required by *Rash v. Louisville and Jefferson County Metropolitan Sewer District*, 309 Ky. 442, 217 S.W.2d 232 (1949). The severed portion is no longer considered in construing the legal requirements, but the remaining portions of the ordinance are still effective. Accord-

ingly, the only uses permitted in the zone regulated by Article 18–36 would be those listed in 18–36(a)(1), (2) and (3). A liquor store is not listed as a permitted use, and thus would not be permitted in this zone. Section 18–36(a)(2) enumerates the uses permitted in the zone. What is not included must be considered as excluded. These are the standards which determine the issuance of permits. Only those businesses which fall within one of these categories are permitted uses; all others are prohibited. Therefore, to allow the issuance of a permit for a liquor store would be to completely disregard the remaining valid provisions of the applicable ordinance.

In the matter of *Schneider v. Wink*, Ky., 350 S.W.2d 504 (1961) the stricken clause contained the standards for issuing a license. Once this clause was eliminated, only the general power to issue a license remained. Therefore, once the general procedure for obtaining a license was followed, it had to be granted as a matter of law. However, in this situation, a specific list of permitted uses still remains as a valid part of the ordinance. Thus, it is reasonable for the Board of Adjustment to refuse to deviate from the list of permitted uses in this case.

■ It appears that the trial court agrees with the conclusion that the term "special exception" is synonymous with the term "conditional use". Historically, the term "conditional use" has replaced the term "special exception" in most modern zoning ordinances. KRS 100.111(5) provides in part that a conditional use means a use which is essential to or would promote the public health, safety or welfare. It is impossible to conclude that the application in the present case meets such a statutory test. It would appear that the philosophy of the conditional use concept is one which is attempting to permit such uses as schools, fire and police stations, and other essential service type uses in zones which are predominantly built with similar use types, but which need such conditional uses nearby to provide essential and necessary services. An application for a retail liquor store does not so qualify.

Careful examination of this record indicates that the zoning ordinance in question does not properly set out the standards that are to be used in construing the ordinance. The "Purposes of Article" cannot be considered as the standard required in construing the ordinance. The trial court correctly determined that there was no distinction between the words "purpose" and "preamble." It is well settled in Kentucky that a preamble to an ordinance is merely an introductory clause, and the constitutionality of a legislative act cannot be tested by its preamble. *City of Elizabethtown v. Cralle*, Ky., 317 S.W.2d 184 (1958). Such a regulatory ordinance must be careful not to vest absolute and arbitrary power in any administrative board or agency, so as to be in violation of Section 2 of the Kentucky Constitution. It can be argued that the specific ordinance in question does not prohibit a liquor store in the area. Certainly, it cannot be said that a liquor store per se is an unlawful business, even though it may be considered as highly undesirable by some, and may, in fact, be undesirable in certain areas. It is the obligation of the drafters of the zoning ordinance to be specific, if they desire to prohibit specific offensive businesses. Such prohibition should encompass the necessary rationale and proper standards.

■ In this specific situation, in view of the requirements of KRS 100.111(5), it appears to this Court that the appellee could have sought a conditional use permit. However, the record indicates that the appellee could not sustain the burden of proof that the Board of Adjustment was arbitrary. *Gentry, et al. v. Ressnier, et al.*, Ky., 437 S.W.2d 756 (1969). Therefore, there is no basis for any presumption that there was sufficient evidence before the Board of Adjustment which would have required it to grant a conditional use permit.

The judgment of the trial court is reversed.

WHITE, J., concurs.

PARK, J., concurs by separate opinion.

PARK, Judge, concurring.

I concur with the result reached by the majority opinion in this case.

First, I agree that Taylor is not entitled to the building permit, even though a portion of the ordinance is unconstitutional. Section 18–36 of the Lawrenceburg City Ordinance relating to "local" business districts provides an itemized list of businesses which are permitted within the district. Subsection (a)(4) then provides that the Board of Adjustment may grant "special exceptions" for other retail businesses "if it determines that the proposed use would not be detrimental to the development of the district as a retail shopping area". The majority opinion of this Court, and the opinion of the trial court, are clearly correct in holding that the provisions of subsection (a)(4) violate Section 2 of the Kentucky Constitution because of the absence of any standard by which the "special exceptions" could be granted. If subsection (a)(4) is stricken from the ordinance, a retail liquor store cannot be a permitted use within a "local" business district. A retail liquor store would be a permitted use only in a "central business district" under Section 18–37 of the ordinance. Consequently, there is no total prohibition of an otherwise lawful business such as was presented in *U.S. Mining & Exploration Natural Resources Co. v. City of Beattyville*, Ky., 548 S.W.2d 833 (1977). I agree with the majority opinion that the invalidity of subsection (a)(4) does not entitle Taylor to the building permit.

Second, I agree with so much of the majority opinion as holds that a "special exception", authorized by subsection (a)(4) of Section 18–36, is in fact a "conditional use" authorized under Chapter 100 of the Kentucky Revised Statutes. Under KRS 100.237, a Board of Adjustment has the power to grant conditional use permits only for those uses for which are "specifically" named in the zoning regulations "which may be suitable only in specific locations in the zone". Section 18–36 of the Lawrenceburg City Ordinances does not *specifically* name the uses for which a "special excep-

tion" or "conditional use" permit can be granted within a local business district. Under subsection (a)(4), a condition use permit could be granted for "all offices and other retail businesses or services" not specifically authorized in a local business district. As defined by KRS 100.111(5), a "conditional use" means "a use which is essential to or would promote the public health, safety or welfare in one or more zones, but which would impair the integrity and character of the zone in which it is located, or in adjoining zones, unless restrictions on location, size, extent and character of performance are imposed in addition to those imposed in the zoning regulation". I conclude that the provisions of subsection (a)(4) of Section 18–36, relating to the granting of "special exceptions", do not comply with the standards for granting conditional use permits imposed by KRS 100.237 and KRS 100.111(5).

Because subsection (a)(4) of Section 18–36 fails to meet the statutory requirements for granting conditional use permits, I agree with the majority opinion that the Board of Adjustment had no authority to grant Taylor's request for the building permit. A retail liquor store was not a permitted use within a local business district, and the ordinance provided the Board with no valid authority to grant the building permit as a "conditional use". For these reasons, I concur in the majority opinion.