**Tom MILLS, Commissioner of the Kentucky High School Athletic Association, Appellant,**

v.

**Andrew BUELL, Jr. and Patricia Buell, Parents and Next Friends of Michael Andrew Buell, Appellees.**

Court of Appeals of Kentucky.

Feb. 22, 1985.

Phillip D. Scott, Danny C. Reeves, Greenebaum, Doll & McDonald, Lexington, for appellant.

William A. Watson, Middlesboro, for appellees.

Before HAYES, C.J., and McDONALD and REYNOLDS, JJ.

REYNOLDS, Judge.

The appellant, Tom Mills, is Commissioner of the Kentucky High School Athletic

Association and appeals from a final order of Bell Circuit Court which enjoined him from enforcing a ruling of the Kentucky High School Athletic Association and the State Board of Education which declared high school student/football player Michael Buell ineligible to participate in interscholastic athletics at the Pineville High School for a term of 36 weeks.

Commissioner Tom Mills is the executive officer of the Kentucky High School Athletic Association which is an unincorporated voluntary association of many public and private schools within the Commonwealth of Kentucky. By membership in the association, member schools voluntarily agree to its rules and regulations. The administrative body is the Board of Control consisting of ten members. The appellees are the parents of a 16-year old son, Michael Buell, who for two years had attended Lone Jack High School where he participated in interscholastic athletics. The Buells reside within the Bell County School District several miles north of the city of Pineville, Kentucky. The Bell County High School and the Lone Jack High School have been a part of the same school system operated by the Bell County Board of Education. Commencing in August, 1984, the two schools were consolidated and all high school students were directed to attend a newly constructed facility.

Upon inquiry, the Pineville Independent School District and the Bell County Board of Education were informed by the Commissioner that interscholastic athletes of Lone Jack High School and the Bell County High School would be subject to the KHSAA transfer rule should such student athletes transfer to a school outside the Bell County system.

The Commissioner was informed that Michael Andrew Buell intended to transfer to Pineville High School and sought waiver of the transfer rule which provided, in part:

Any student who represents a secondary school in a first team game after enrolling in grades 9 through 12 and who changes schools shall be ineligible for 36 school weeks. The Commissioner may waive the period of ineligibility in the event of any of the following circumstances: (The enumerated circumstances which are part of the rule are not included as being necessary to the disposition of this case).

It was determined that Buell would be ineligible to participate in interscholastic athletics at Pineville for a period of 36 weeks. The Commissioner's ruling was appealed to and upheld by the Board of Control of the KHSAA and subsequently, an appeal therefrom was filed with the State Board of Education and was affirmed on July 10, 1984. This action was filed on July 16, 1984, in Bell Circuit Court and named as defendants Tom Mills, Commissioner of the Kentucky High School Athletic Association; the State Board of Education, Department of Education, Commonwealth of Kentucky; Pineville Independent School District; and Bell County Board of Education. The appellees, plaintiffs below, Andrew Buell, Jr. and Patricia Buell, parents and next friends of Michael Andrew Buell, alleged that the application of the Association's By-Law 6 to the factual situation in this case was not applicable and, in the alternative, alleged that application of the transfer rule was arbitrary and unreasonable. Also on July 16, 1984, the appellees filed a motion for immediate hearing and judgment on the merits. The hearing was noticed for July 23, 1984, by appellees' attorney. The appellant Mills filed a motion to dismiss on July 23, 1984, and stated as the grounds therefor that the appellees (plaintiffs) had failed to join indispensable parties, venue was improper, and that the complaint failed to state a claim against this party upon which relief could be granted. On July 25, 1984, appellees moved to add to the caption of the complaint the name "Kentucky High School Athletic Association." This motion was never ruled upon nor was the KHSAA made a party to the action.

On July 26, 1984, the State Board of Education and Tom Mills, in his capacity as Commissioner, filed a joint motion to dismiss based upon the grounds that the plain-

tiffs had failed to join indispensable parties and that the venue of the matter was improper. On August 14, 1984, the trial court entered findings of fact and conclusions of law and issued an order which in its caption restrained the KHSAA from enforcing its ruling, but in the body of the order enjoined only the Commissioner from enforcing the Association's ruling. The order also provided that the State Board of Education and Department of Education were dismissed as defendants.

▮ The appellant states that this action must be dismissed for appellees' failure to join necessary parties. We agree. By statute (KRS 156.070[2]), the State Board of Education is mandated the control and management of the common schools and may designate an organization to manage interscholastic athletics in the common schools. The organization designated is the Kentucky High School Athletic Association. Additionally, the rules and by-laws of such organization shall be approved by the Board and there is provided an appeal to the Board of any decision made by the designated managing organization. The appeal process is set forth in 701 KAR 5:020.

The Association was not made a party to the original complaint which alleged that the Commissioner's ruling had been affirmed by the Kentucky High School Athletic Association and that an appeal therefrom had been upheld by the State Board of Education. It was error to grant the injunctive relief against the Commissioner without making the Association a party. The Association was subject to service of process and could have been made a party to the action. We hold that under CR 19.01 it was mandatory that the Association be made a party to this action. *See Kentucky High School Athletic Ass'n v. Hopkins County Bd. of Educ.*, Ky.App., 552 S.W.2d 685, 689 (1977). As the Association is directly responsible for enforcement of any penalty, its presence is required for a fair adjudication of the appellees' claim. The Association itself can and must be made a party. *See American Collectors Exchange, Inc. v. Kentucky State Democratic Cent. Executive Comm.*, Ky.App., 566 S.W.2d 759 (1978).

This action demonstrates that the orders of the circuit court affect persons who are not parties to the action as, for example, no recognition was given to the rights of such other teams that might be competing with Pineville School System. *Boles v. Greeneville Housing Authority*, 468 F.2d 476 (6th Cir.1972); *N.L.R.B. v. Doug Neal Management Co.*, 620 F.2d 1133 (6th Cir.1980). In most instances the possible benefits flowing from a temporary restraining order may be hard to unravel insofar as benefits therefrom may be far outweighed by the potential detriment to the Association as well as its member schools who have not been made parties to the action as a member of the Association.

The State Board of Education was named as a party to the action and in this case moved to dismiss the action on the basis of improper venue. KRS 452.430 provides that an action against the Board of Education of this state must be brought in the county that includes the seat of government.

▮ The ultimate responsibility for management and control of the programs operated within the common schools rests with the State Board. The ultimate authority to enforce any order issued by the KHSAA has been specifically vested in the State Board of Education since 1978. KRS 156.070. The circumstances presented in the administrative proceedings set forth in this case establish that there can be no final disposition of the appeal process without the presence of the Board of Education. We hold, therefore, it is an indispensable party.

▮ The presence of an indispensable party is required in order that the court may make an adjudication equitable to all persons involved. It is clear that the complaint filed by the Buells is primarily an appeal from the ruling of the KHSAA and the decision upholding same rendered by the State Board of Education. The complaint contains several counts, but the gist

of same is the assertion that the Association's By-Law 6 has no application to the appellees' situation and that the ruling was arbitrary and unreasonable. The only relief sought herein was that By-Law 6 (the transfer rule) be declared either arbitrary and unreasonable or inapplicable to appellees. *A & H Truck Line, Inc. v. Kentucky Occupational Safety and Health Review Comm.*, Ky., 536 S.W.2d 315 (1976).

We do not address appellants' remaining issues. The judgment of Bell Circuit Court is reversed and the trial court is directed to enter an order dismissing appellees' complaint.

All concur.