**OLDHAM COUNTY PLANNING AND ZONING COMMISSION and Oldham County Board of Adjustments and Appeals, Appellants,**

v.

**COURIER COMMUNICATIONS CORPORATION: Gencom, Inc.; Jeftel Cellular Radio, Inc.; Westel-Louisville Company, Ltd.; Kentucky Cellular Telephone Co.; Charisma Communications/Louisville, Inc. and Midwest Mobilephone of Louisville, Inc., doing business as Louisville Cellular Telephone Company, a partnership d/b/a Cellular One, Appellees.**

Court of Appeals of Kentucky.

Jan. 23, 1987.

James W. Pike, LaGrange, for appellants.

Charles S. Cassis, David B. Buechler, Brown, Todd & Heyburn, Louisville, for appellees.

Before CLAYTON, GUDGEL and McDONALD, JJ.

CLAYTON, Judge.

This appeal involves a dispute over the construction of a 290 foot transmission tower in Oldham County, Kentucky. The tower which is located on .247 acres of land north of Interstate 71 is part of a mobile telephone system constructed by the appellees (hereinafter referred to as Cellular One) to serve the greater Louisville metropolitan area. The appellants, Oldham County Planning and Zoning Commission and Oldham County Board of Adjustments and Appeals, unsuccessfully sought to block construction of this tower in the Oldham Circuit Court. That court, however, determined that the appellants have no jurisdiction to control the location of service facilities of a regulated public utility given the language of KRS 100.324. Looking to the language of that statute, the appellants now argue that they are not restricted by the statute as its language is applicable only to "planning units" and that even if the commission and the board are considered to be planning units, they do not seek to control the location of the tower but instead seek only to regulate its use and dimension in accordance with the local zoning ordinances they have enacted. In the alternative, the appellants by their second argument challenge the constitutionality of KRS 100.324 arguing that it is unconstitutionally arbitrary in its present application in violation of Section 2 of the Kentucky Constitution and that it results in a taking of private property without consent or compensation in violation of Section 13 of the Kentucky Constitution. We reject both the above arguments and affirm the judgment of the Oldham Circuit Court.

On December 4, 1985, Cellular One filed an application for a certificate of public convenience with the Kentucky Public Service Commission. By an order issued April 9, 1985, the Public Service Commission granted Cellular One a certificate of convenience and necessity to provide Cellular telephone communications to the Louisville metropolitan area. Soon thereafter, Cellular One contacted the Oldham County Zoning Administrator stating its desire to construct the above-mentioned tower. The administrator rejected Cellular One's claim as a public utility to be exempt from local zoning control and required the appellee to file applications with the Oldham County Board of Adjustments and Appeals for a conditional use permit and dimensional variances in accordance with Sections 211 and 502 of the county's zoning ordinances. After filing of the requested applications, a public hearing was held by the Board of Adjustments on November 21, 1985. At that public hearing, the Board rejected the appellee's applications for conditional use permit and dimensional variance permit by a vote of 3-to-2. The following day, November 22, 1985, Cellular One submitted building permit applications and fees to the Oldham County Zoning Administrator. Al-

though the building permit applications and fees were rejected, appellees began construction of the tower. On December 2, 1985, the Oldham County Zoning Administration served a cease and desist order upon the appellees. In response, Cellular One, on December 4, 1985, filed a complaint in Oldham Circuit Court seeking a permanent injunction against the Commission and Board. The Commission and Board in turn filed a counterclaim seeking a separate permanent injunction against Cellular One to prevent continued construction of the tower. On January 16, 1986, the Oldham Circuit Court entered an order and declaratory judgment determining that neither the Oldham County Planning and Zoning Commission nor the Oldham County Board of Adjustments has jurisdiction over the construction of the transmission tower by virtue of KRS 100.324. Accordingly, the circuit court determined that Cellular One need not apply for nor obtain any permit approval or variance from either of those agencies for the construction of its tower.

■ We agree with this determination. Cellular One is not subject to the jurisdiction of the Oldham County Board of Adjustments and Appeals nor the Oldham County Planning Commission given the language of KRS 100.324(1). That language clearly provides that,

[A]ll other provisions of this chapter to the contrary notwithstanding public utilities operating under the jurisdiction of the public service commission ... *shall not be required to receive the approval of the planning unit for the location or relocation of any of their service facilities.* Service facilities include all facilities of such utilities ... other than office space, garage space and warehouse space and include office space, garage space and warehouse space when such space is incidental to the service facility.

Both the appellee and the appellant agree that Cellular One is a public utility as defined by KRS 278.010(3). Moreover, it is the conclusion of this Court that the Planning Commission and the Board fall within the statutory definition of the term "plan-

ning unit" as it is used in KRS 100.324 and defined by KRS 100.111(15). Under KRS 100.111(15), a planning unit is a city or county or any combination thereof engaged in planning operations. Appellants argue that they are not included within the perimeters of this definition as neither of them is a "planning unit". We disagree with this argument. The Planning Commission and the Board, along with the Fiscal Court of Oldham County, and any city councils of any city with zoning authority are obviously bodies and agencies that administer zoning regulations within the planning unit. Accordingly, they are "engaged in planning operations" within the language of the definition of KRS 100.111(15). To hold otherwise would lead to the absurd conclusion that the subsection applies only to geographical areas and not to the implementing administrative bodies within those areas.

■ In a similar vein, we conclude that appellee is not subject to the conditional use and dimensional variance ordinances of the appellant in locating its service facilities. In this regard, appellants argue that they are not regulating the location of appellee's service facilities in contravention of KRS 100.324, but are instead merely regulating the conditional use and dimensional variances of the tower at its location in accordance with the mandate of the citizens of Oldham County. This argument fails in two respects. First, the introductory language of KRS 100.324 indicates that "all other provisions of this chapter to the contrary [are] notwithstanding...." It is only via the other provisions of Chapter 100 that the appellants are empowered to issue regulations and ordinances controlling the dimensional variances and conditional uses of structures located within their administrative area. As these separate statutory provisions are subservient to KRS 100.324, they are ineffective in regard to the appellee. Apart from the introductory language of KRS 100.324, appellants' definition of location is, as with its definition of "planning unit", overly technical and contrary to a reasonable interpretation of the statutes involved. As Cellular One points out, any

individual, regardless of its status as public utility, may locate its facility in the county so long as it has complied with the permit and zoning regulation requirements of the Commission and Board. Therefore, to adopt appellants' interpretation of KRS 100.324 would, in effect, deprive the statutory language of that statute of any meaning whatsoever. Under the well-established rules of statutory construction, we are required to construe KRS 100.324 so as to prevent an absurd interpretation. Were we to adopt the interpretation as suggested by appellants, the statute involved would be rendered a useless or futile thing. *Hamilton v. International Union of Operating Engineers,* Ky., 262 S.W.2d 695, 699 (1953).

As with the Oldham Circuit Court, we summarily reject appellants' final argument centered upon the constitutionality of KRS 100.324. Local zoning authorities such as those similar to the appellants have only those powers expressly provided by statute. They are not invested with a constitutional nor a common law right to regulate property through the passage of local zoning ordinances. Such ordinances are the result of police power vested in the state legislature which in turn may invest in the legislative branch of municipal government a specified portion of that power. That the legislature has seen fit not to invest the appellants with the authority to regulate public utilities is not a proper basis for challenge to KRS 100.324. Nor is KRS 100.324 arbitrary in the manner of its application in the present appeal. The absence of a public hearing by the Public Service Commission prior to issuance of its certificate of convenience and necessity to the appellee is an issue which addresses itself to the administrative regulations of the Public Service Commission and not the constitutionality of KRS 100.-324. By enactment of KRS 100.324, the legislature has seen fit, for the public good, to remove public utilities from the jurisdiction of local planning commissions and boards such as the appellants.

This exclusion is neither unconstitutionally arbitrary in its application nor an unconstitutional taking of property without due process or just compensation.

Accordingly, the judgment of the Oldham Circuit Court is affirmed.

All concur.