BOARD OF COMMISSIONERS OF the CITY OF DANVILLE; John W.D. Bowling, Mayor; Terry Crowley; Jamey Gay; Kevin Caudill and Paige Stevens, Members of the Board, Appellants

v.

James L. DAVIS and Nancy Davis, Appellees.

No. 2006–CA–001924–MR.

Court of Appeals of Kentucky.

Oct. 12, 2007.

Elizabeth G. Nickels, Danville, KY, for appellant.

Richard V. Murphy, Lexington, KY, for appellee.

Before HOWARD and VANMETER, Judges; GUIDUGLI[1], Senior Judge.

1. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes 21.580.

## OPINION

GUIDUGLI, Senior Judge.

Board of Commissioners of the City of Danville, et al. ("the Board") appeal the July 3, 2006 and August 16, 2006 orders of the Boyle Circuit Court declaring conditions on a zoning reclassification as impermissible and upholding the zoning reclassification minus the offending conditions. We affirm.

## FACTUAL AND HISTORICAL BACKGROUND

This matter began when James and Nancy Davis ("the Davises") sought a zone change from agricultural/residential (AR–1) to low density residential (R–1) for a parcel of land located in the City of Danville. After reviewing the request and holding public hearings and votes on the matter, the Danville–Boyle County Planning and Zoning Commission ("Planning Commission") recommended the zone change to the Board. In its recommendation, the Planning Commission acknowledged that the Davises had satisfied all requirements of the zone change. Attached to the Planning Commission's recommendation for the zone change were four conditions that the Planning Commission requested be attached to the zone change ordinance. These conditions were: 1) conduct a traffic study of the area; 2) all submissions must agree with the future street plan;[2] 3) give an adjacent property owner an entrance from a specified road; and 4) extend the sanitary sewer system to the edge of an adjacent property. After considering the Planning Commission's recommendation, the Board gave public notice and approved the zone change with the conditions.

The Davises appealed, challenging enforcement of the zone change conditions, to the Boyle Circuit Court. The Davises named the Planning Commission, the Board, the mayor and the city commissioners as parties. Upon motion, the Planning Commission was dismissed from the action. The dismissal was neither challenged nor appealed by any of the other parties. Boyle Circuit Court ruled, in two separate opinions, that the conditions attached to the zone change were impermissible conditions subsequent, created by an excess of authority, and that a severance clause located in the zone change allowed it to stand without the imposition of the conditions. This appeal followed.

Before us, the Board has presented several issues. It first contends that, due to the order dismissing the Planning Commission from the Circuit Court action, the Circuit Court lacked jurisdiction to address the authority or actions of the Planning Commission. Next, it argues that the Circuit Court decision that the Planning Commission exceeded its authority in imposing the conditions was erroneous. Lastly, the Board contends that without the enforcement of the zoning conditions the zone change should fail in its entirety.

## DISCUSSION

There is some dispute between the parties as to whether this case is one turning on the issue of zoning change or development planning. Having reviewed the Record, the arguments made and applicable statutory and case law and being otherwise sufficiently advised, this Court believes that the issue presented is one of zoning, not development.

---

**2.** The Planning Commission had noted that any conflict about the future road map would be dealt with by the City Commission, stating specifically that they had no authority over the issue.

## STANDARD OF REVIEW

■ The standard of review, when addressing an appeal from an administrative decision, "is limited to determining whether the decision was erroneous as a matter of law." *McNutt Construction v. Scott*, 40 S.W.3d 854, 861 (Ky.2001). Kentucky Courts have long held that "judicial review of administrative action is concerned with the question of *arbitrariness* .... Unless action taken by an administrative agency is supported by substantial evidence it is arbitrary." *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission*, 379 S.W.2d 450, 456 (Ky.1964) (emphasis in original). Substantial evidence is defined as "that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." *Bowling v. Natural Resources and Environmental Protection Cabinet*, 891 S.W.2d 406, 409 (Ky.App.1994). In weighing the evidence, "the trier of facts is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before it." *Bowling*, 891 S.W.2d at 409–10. A reviewing court may not substitute its own judgment on a factual issue "unless the agency's decision is arbitrary and capricious." *McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454 (Ky.App. 2003). Once a reviewing court has determined that the agency's decision is supported by substantial evidence, the court must then determine if the agency applied the correct rule of law to those factual findings in making its determination. If so, the final order of the agency has to be upheld. *Bowling*, 891 S.W.2d at 410. On the other hand, matters of statutory construction are subject to *de novo* review. Because statutory interpretation is a matter of law reserved for the courts, we are not bound by the Circuit Court's interpre-tation. *Halls Hardwood Floor Co. v. Stapleton*, 16 S.W.3d 327, 330 (Ky.App.2000).

## JURISDICTION

■ This Court questions the validity of the Board's argument that the Planning Commission is an indispensable party, after noting that there were no objections to the Order Dismissing at the Circuit Court level. The Board argues that after dismissing the Planning Commission as a party, the Circuit Court lacked jurisdiction to make decisions regarding the Planning Commission's authority. Kentucky Rule of Civil Procedure 19.01 states "A person ... shall be joined as a party in the action if (a) in his absence complete relief cannot be accorded among those already parties." Because the Planning Commission is a subsidiary of the City of Danville, and because the final approval and enactment of the zone change ordinance was done by the City Board of Commissioners, this Court sees no reason why complete relief cannot be accorded in the absence of the Planning Commission.

As its authority, the Board cites KRS 100.347(2) as requiring the Planning Commission to be a party. Specifically, it cites the following:

> Any person or entity claiming to be injured or aggrieved by any *final action* of the planning commission shall appeal from the final action to the Circuit Court.... The planning commission shall be a party in any such appeal filed in the Circuit Court.

(Emphasis added). An important portion of that section, which Appellants omit from their quotation, is "such action shall not include the commission's *recommendations* made to other governmental bodies" (emphasis added). Since the Circuit Court action includes only the Planning Commission's *recommendations* and the Board's *final act*, the relevant part of the statute is

actually found in subsection (3), which states:

Any person or entity claiming to be injured or aggrieved by any *final action* of the *legislative body* of any city ... relating to a *map amendment* shall appeal from the action to the Circuit Court.... The legislative body shall be a party in any such appeal filed in Circuit Court.

(Emphasis added). As such, the statute states clearly that the legislative body, in this case the Board, shall be a party, not the Planning Commission. It is clear, by the language of the statute, that had the legislature intended the Planning Commission to also be a party, they would have undoubtedly known how to state so.

Appellants also argue that only parties are bound by an appellate court's disposition of the proceedings, pursuant to *Levin v. Ferrer*, 535 S.W.2d 79 (Ky.1975). While this holding may be relevant when an outcome requires direct actions of a nonparty, that is not the case here. *Levin* involved a dispute over *ownership* of a piece of real property, a situation that had the potential to affect the interests of parties not present. *Id.* The instant case concerns a series of events that have progressed to a point beyond the Planning Commission's involvement (a recommendation) and into approval by the Board. Regardless of this Court's decision, it will not require the Planning Commission to act directly but instead serve as a guide for future actions.

This Court also distinguishes the case at hand from *Mills v. Buell*, 685 S.W.2d 561 (Ky.App.1985). In *Mills*, the non-party was the Kentucky High School Athletic Association, who was responsible for the *enforcement* of a disputed policy. At present, it is the Board, not the Planning Commission who has the final say in the approval of zone changes, whereas the Planning Commission merely makes rec-

ommendations. Again, this was clearly considered at the time KRS 100.347 was enacted. In fact, KRS 100.347 addresses directly, and clearly, the exact situation at hand and requires only that the Board be made a party.

## THE IMPOSITION OF SPECIFIC CONDITIONS ON A ZONING CHANGE

Zoning powers are conferred to local governments through KRS Chapter 100. This court has found that "local zoning authorities ... have only those powers expressly provided by statute." *Oldham County Planning and Zoning Commission v. Courier Communications Corp.*, 722 S.W.2d 904, 907 (Ky.App.1987). There is no dispute that KRS 100.203(2) grants the Planning Commission the power to require a specific development plan as a condition of a zone change. The issue arises as to the timing and the role of the development plan. The Board contends that the statutory requirement of requiring a development plan gives it an all-inclusive power to impose that development plan and use its shortcomings to place additional conditions upon the zone change. We do not agree with that interpretation. The relevant language of the statute is:

Cities and counties may enact zoning regulations which shall contain: ... (2) The text may provide that the planning commission, as a condition to the granting of any zoning change, may require the *submission* of a development plan, ... *Where agreed upon*, this development plan shall be followed.

KRS § 100.203(2) (Emphasis added). The language of the statute is clear that the only condition allowed here is the *submission* of the development plan. The development plan is to be submitted *prior* to the grant of the zone change. The statute

does not require submission and *approval* of a development plan, only its submission. Additionally, the statute states that the development plan is to be followed, only "where agreed upon." In its recommendations, the Planning Commission found that the proposed zone change was in agreement with all applicable guidelines of the comprehensive plan, conformed to the zoning recommendation, agreed with location principles and agreed with new development principles. If the Planning Commission found any portion of the Davises' development plan to be unsatisfactory to allow the zone change, then the zone change should have not been referred under the premise that it was compliant. It was inappropriate for the Planning Commission to later place requirements upon its referral. KRS 100.203(A) states that "regulations ... must be uniform throughout the zone." Requiring a development plan is a uniform regulation. Imposing plot-specific conditions is not. Details relating to the specific development of the land are to be addressed later, when that development takes place, not at the grant of the zone change. Any issues with the development plan should have been addressed prior to the recommendation of the zone change to the Board, not alongside it. Both parties conceded, during oral arguments, that the issues presented in the conditions could be raised again at the later stage of development. Furthermore, the Planning Commission admits, in meeting transcripts found in the record, that the first three conditions are handled at the preliminary plat stage under subdivision regulations. The Davises were not yet at this stage of development; they were merely seeking a zone change.

A further reading of KRS 100.203 reveals the following:

> In urban-county governments, in addition to any other powers permitted or required to be exercised by this chapter, the text of the zoning regulations may provide, as a condition to granting a map amendment, that the planning unit may:

> (a) Restrict the use of the property affected to a particular use, or a particular class of use, or a specified density within those permitted in a given zoning category;

> (b) Impose architectural or other visual requirements or restrictions upon development in areas zoned historic; and

> (c) Impose screening and buffering restrictions upon the subject property;

> The text shall provide the method whereby such restrictions or conditions may be imposed, modified, removed, amended and enforced.

KRS 100.203(8). This grant of extra powers to urban-county governments makes clear the legislature's intent that *only* those powers expressly granted in the other subsections be extended to all remaining Planning Commissions in the state. Additionally, the local zoning ordinance (Article 7, Section 720) that requires the development plan refers to it as "proposed" or "conceptual." It is never referred to as a solidified plan, implying that the final plan that must be adhered to will be submitted at a later date.

The Board also contends that the Davises previously argued the alternative in *Davis v. Board of Commissioners of the City of Danville,* 995 S.W.2d 404 (Ky.App. 1999). In that case, the Davises argued against a zone change where a development plan had never been submitted. The Davises argued to have the development plan requirement be enforced uniformly. The case at hand differs, in that a development plan has been submitted. Our issue lies not with the submission of a development plan, but with conditions subsequent placed upon the zone change approval.

Appellants cite *21st Century Development Co. v. Watts*, 958 S.W.2d 25 (Ky.App. 1997) as holding that prior to approving a zone change, a Planning Commission must take into account additional matters, other than whether the proposed change is in compliance with the comprehensive plan. We agree with that statement. What this Court does not agree with is the application of *21st Century* to the case at hand. In *21st Century*, the Planning Commission argued that additional factors, such as traffic and drainage, could not be considered when determining whether or not to recommend the zone change. The Court found that those factors needed to be considered. This Court agrees that additional factors should play a role in the approval of a zone change. However, our view that those issues should be addressed prior to recommending the zone change is not in conflict with the *21st Century* opinion. In *21st Century*, the court stated:

> After the planning commission addresses the staff concerns and those of the general public at the hearing, it will be in a position to make findings which would allow the current rezoning, *or delay the rezoning until other developments take place.*

*Id.* at 28 (emphasis added).

Therefore, if the Planning Commission still had concerns, the rezoning should have been delayed, not sent on to the Board under the guise of being approved and/or recommended. For the foregoing reasons, this Court affirms the Circuit Court's finding that the Planning Commission exceeded its authority when it imposed conditions subsequent on its recommendation for the zone change.

### ENFORCEMENT OF A SEVERABILITY CLAUSE IN A ZONING CHANGE

We next address whether or not the remainder of the ordinance stands with the exclusion of the conditions. Kentucky has a history of upholding severability clauses in zoning ordinances. *Carlton v. Taylor*, 569 S.W.2d 679 (Ky.App.1978). However, Kentucky has also held that if an ordinance would not have been enacted without the offending provisions, then the entire ordinance must fail. *Commonwealth of Kentucky for Use and Benefit of City of Erlanger v. Cullum*, 494 S.W.2d 521 (Ky.1973).

*Carlton* and *Cullum* do not mandate a different result. We find, based on the individual roles of the Planning Commission and the Board, that the ordinance would have been enacted without the conditions present. Enacting an ordinance is a function of the legislature, in this case the Board. While it may be argued that the Planning Commission would not have *recommended* the zone change without the conditions, that is not what the law is concerned with. The Planning Commission plays an administrative role, the Board plays a legislative role. Thus, the Board is granted the duty of *enacting* the ordinance, whereas the Planning Commission has only the job of making recommendations. The conditions first appeared in the Planning Commission's recommendations, not at the legislative level of the Board. Furthermore, this Court has already determined that the conditions attached to the recommendation were an excess of authority. It does not stand to reason that the Planning Committee could first exceed its authority and later continue to glean the benefits from its authoritative overstep. We think it is fair to say that the ordinance would have been enacted based on the recommendations of the Planning Committee, minus the offending conditions. Moreover, not only was it at the legislative level of the Board that the ordinance was enacted, but it was also at

this level that the severance clause appeared, showing the intent of the Board that the ordinance should stand, in the event that portions of it did not. Even with the approval of the zone change, the Planning Commission maintains control over the development and subdivision phases pursuant to KRS Chapter 100 to ensure all statutory regulations are complied with.

Therefore, we affirm the July 3, 2006 and August 16, 2006 Orders of the Boyle Circuit Court.

ALL CONCUR.