**KENTUCKY STATE POLICE; Commissioner Rodney Brewer; Captain David Marcum; Lieutenant Kevin Rogers; Sergeant John Kearns; Officer Mike Ross; Officer Ralph Thompson; Detective Kevin Dunn; and Supervisor Jackey Edwards, Appellants.**

v.

**James CONDER, Appellee.**

No. 2012–CA–001815–MR.

Court of Appeals of Kentucky.

Oct. 17, 2014.

Christian Matthew Feltner, Frankfort, KY, for appellant.

Thomas E. Clay, Louisville, KY, for appellee.

Before LAMBERT, MOORE, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Appellants [1] appeal from the September 27, 2012, order of the Franklin Circuit Court which reversed an order of the Kentucky State Police ("KSP") Trial Board terminating James Conder's employment. For the following reasons, we reverse and remand with directions for the trial court to review the KSP Trial Board's decision in accordance with KRS [2] Chapter 16.

Conder was terminated from his position as Facility Security Officer with KSP due to charges of misconduct occurring on May 6, 2010. The issue before us is whether Conder's termination proceeding should have been conducted as it was, via an administrative hearing before the KSP Trial Board pursuant to KRS Chapter 16, or via a pre-termination hearing before the Kentucky Personnel Board pursuant to KRS Chapter 18A. Chapter 16 applies to state police employees, whereas Chapter 18A applies to state merit employees. When Conder was hired in May 2005, the

1. Kentucky State Police, Commissioner Rodney Brewer, Captain David Marcum, Lieutenant Kevin Rogers, Sergeant John Kearns, Officer Mike Ross, Officer Ralph Thompson, Detective Kevin Dunn, and Supervisor Jackey Edwards.

2. Kentucky Revised Statutes.

position of Facility Security Officer was classified as state merit employee status under the Justice and Public Safety Cabinet, and was governed by Chapter 18A. On June 25, 2009, the Kentucky General Assembly enacted KRS 16.187 *et seq.*, which reclassified the position of Facility Security Officer to the Department of Kentucky State Police, to be governed by Chapter 16 instead of Chapter 18A.

In May 2010, about a year after the enactment of the statute, the incident which led to administrative charges being filed against Conder occurred. The next month, KSP notified Conder of the reclassification of his position. In February 2011, KSP informed Conder of the charges filed against him. The following month, the KSP Trial Board convened under Chapter 16 and conducted an administrative hearing to address Conder's dismissal. At the hearing, Conder presented evidence, examined witnesses, and testified on his own behalf. Ultimately, the KSP Trial Board unanimously upheld the decision to terminate Conder's employment.

Conder appealed the termination to the Franklin Circuit Court, which reversed the KSP Trial Board's decision on grounds that the termination proceeding should have been conducted pursuant to Chapter 18A, not Chapter 16. The trial court reasoned that Conder was not reclassified to a Chapter 16 employee until after the incident giving rise to his termination occurred and therefore, he was entitled to the procedural safeguards afforded to him under Chapter 18A; specifically, the right to a pre-termination hearing and an appeal to the Kentucky Personnel Board, as compared to an administrative hearing before the KSP Trial Board pursuant to Chapter 16. The trial court found the KSP Trial Board acted arbitrarily by conducting Conder's termination proceeding under Chapter 16 and remanded the case with instructions for KSP to follow the procedures required by Chapter 18A if it desired to pursue disciplinary action. This appeal followed.

 On appeal, Appellants maintain the trial court erred in determining Conder's termination hearing was governed by Chapter 18A. We agree. Typically, judicial review of an administrative action is concerned with whether the agency action was arbitrary. *Bd. of Comm'rs v. Davis,* 238 S.W.3d 132, 135 (Ky.App.2007). Indeed, state agencies may not exercise arbitrary power over the lives, liberty and property of citizens of the Commonwealth. Ky. Const. § 2. Arbitrariness may arise when an agency: (1) takes an action in excess of granted powers, (2) fails to afford a party procedural due process, or (3) makes a determination not supported by substantial evidence. *Hilltop Basic Res., Inc. v. County of Boone,* 180 S.W.3d 464, 467 (Ky.2005). A reviewing court defers to an agency's factual findings that are supported by substantial evidence, and assesses whether the agency correctly applied the law under a *de novo* standard of review. *Davis,* 238 S.W.3d at 135.

In this case, the trial court relied on its previous decision in *Garland v. Kentucky State Police,* No. 10–CI–1749 (Franklin Circuit Court, March 25, 2011), in ruling that the KSP Trial Board arbitrarily denied Conder his right to a pre-termination hearing under Chapter 18A. However, about a year after the trial court's decision in *Garland* was entered, this court reversed it, *Dep't State Police v. Garland,* 2011–CA–000750–MR, 2013 WL 3957338 (Ky.App. Aug. 2, 2013), *disc. rev. denied,* 2013–SC–000587 (Ky. June 11, 2014). Our decision in *Garland* was designated "To Be Published." Garland then filed a timely motion for discretionary review with the Kentucky Supreme Court. Anticipating that its decision would provide guidance

for our review of the instant case, we entered an Order holding this appeal in abeyance pending a final decision. *Garland* became final upon the Supreme Court's issuance of an Order denying discretionary review and directing this Court's opinion not to be published. As a result, our opinion in *Garland* is not available in commercial legal databases, such as Westlaw or Lexis, but is, however, accessible through the Kentucky Court of Justice website: http://apps.kycourts.net/Supreme/SC_Opinions.shtm (11 Sep. 2014). Despite this lack of guidance and since *Garland* and this case involve such similar facts and procedural background, we believe it important to apply the same analysis and, therefore, reach the same outcome. CR [3] 76.28(4)(c).

Garland's position as law enforcement officer was reclassified to KSP before the incident leading to his termination occurred. Garland received notice of the reclassification after the administrative complaint against him had been filed, but before he received notice of KSP's intent to terminate his employment. Garland's termination proceeding was conducted in accordance with his reclassified employment status, via an administrative hearing before the KSP Trial Board, which upheld his termination.

On appeal, the trial court held, as it did in the present case, that Garland's termination proceeding should not have been conducted pursuant to his reclassified employment status since Garland did not receive notice of the reclassification until after the administrative complaint against him had been filed. The trial court found the KSP Trial Board arbitrarily denied Garland the right to a pre-termination hearing, to which he was entitled under the prior classification. As a result, the

trial court reversed the KSP Trial Board's decision.

Upon review, we reversed the trial court, finding the effective date of the statute reclassifying Garland's employment status preceded the incident giving rise to his termination and remained effective throughout the termination proceeding. While Garland did not receive notice of the reclassification until after the administrative complaint against him had been filed, he received notice of the reclassification prior to receiving notice of the KSP's intent to terminate his employment and prior to the administrative hearing. Thus, we held the KSP Trial Board did not act arbitrarily by pursuing administrative action against Garland pursuant to the statute governing his reclassified employment status since that statute effectively applied to his employment at the time of the incident and at the time of his termination.

■ Likewise, we do not believe the KSP Trial Board acted arbitrarily by conducting Conder's administrative hearing in accordance with his reclassified employment status under Chapter 16. The statute reclassifying his position was in place at the time the incident giving rise to Conder's termination occurred and Conder received notice of the reclassification prior to being notified of the charges leading to his termination. Though Conder did not receive notice of the reclassification prior to the incident, Chapter 16 effectively applied to his employment at the time of the incident and at the time of his termination. Accordingly, the KSP Trial Board did not act arbitrarily by conducting Conder's termination proceeding pursuant to Chapter 16.

The order of the Franklin Circuit Court is reversed and this case is remanded with instructions for the court to review the

---

**3.** Kentucky Rules of Civil Procedure.

KSP Trial Board's decision in accordance with KRS Chapter 16.

ALL CONCUR.