**Charles I. WHEATLEY, Plaintiff,**

v.

**W. D. SHIELDS, Vice-Admiral, Acting Commandant, United States Coast Guard, Defendant.**

**No. 65 Civ. 2374.**

United States District Court
S. D. New York.
April 22, 1968.

## MEMORANDUM

TENNEY, District Judge.

This is a motion by plaintiff for summary judgment setting aside an administrative decision of the United States Coast Guard Hearing Examiner (hereinafter referred to as "the Examiner") and a cross-motion by defendant herein for summary judgment and a dismissal of the within action. The parties correctly agree that this Court is limited in its review to the record of the administrative proceedings. See United States v. Carlo Bianchi & Co., 373 U.S. 709, 718, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963).

Plaintiff seeks in this action, under 5 U.S.C. §§ 701–706, judicial review of a decision rendered by the Examiner, after a hearing thereon, subsequently affirmed on appeal to defendant pursuant to 46 U.S.C. § 239(g) and 46 C.F.R. § 137.11–1. Such decision found plaintiff guilty of misconduct in that while serving as Hospital Attendant on board the S.S. CONSTITUTION, a merchant vessel en route from New York to Casablanca, he wrongfully, without permission or apparent authority, entered the stateroom of a female passenger, Mrs. Ida Naccarato, who was traveling with her five-year-old daughter.

The additional facts, briefly stated, as determined at the hearing and subsequently on appeal, indicate that following this incident, which occurred between 9:15 A.M. and 9:30 A.M. on the morning of November 17, 1963, and on two separate occasions, once in the purser's office and another time at a line-up of all the suspects, Mrs. Naccarato positively identified plaintiff as the man who had violated the privacy of her stateroom. Although plaintiff's alibi as to his whereabouts prior to 9:15 A.M. and after 10:00 A.M. on that morning was supported by witness testimony, his testimony regarding his activity at the time the incident was found to have occurred remained noticeably uncorroborated. Although Mr. Miller, the bedroom steward, whose uniform was identical to

Rolnick, Ezratty & Huttner, New York City, for plaintiff; Bernard Rolnick, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Louis E. Greco, Atty. in Charge Admiralty & Shipping Sec., Dept. of Justice for defendant; Peter Martin Klein, New York City, of counsel.

plaintiff's, who resembled plaintiff in physical appearance, who possessed a key which allowed him access to Mrs. Naccarato's room, and whose duty it was to clean that room daily, was logically the most likely suspect, Mrs. Naccarato testified in her deposition that she could readily distinguish between the bedroom steward and plaintiff herein. Mrs. Naccarato testified, in addition, that the reason her daughter began to cry in response to plaintiff's sudden and unexpected entry was that she thought he had come to give her "another injection". Although it was not plaintiff's duty to administer vaccinations or inoculations to the passengers aboard ship, it was his responsibility to maintain the medical cards and records of those passengers who were the recipients thereof.

█ Accordingly, after a thorough consideration of the entire record of the administrative hearing, the decision and order of the Examiner, and the Decision of the Commandant, it is the opinion of this Court that "substantial evidence" exists upon which a reasonable mind could properly arrive at the conclusion reached below. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Rechany v. Roland, 235 F.Supp. 79, 81 (S.D.N.Y. 1964). Regardless of the fact that this Court might have reached a contrary result if it were hearing this case *de novo*, it is required on the basis of its posture as a reviewing body to affirm the administrative determination. John W. McGrath Corp. v. Hughes, 264 F.2d 314, 316 (2d Cir.1959). For it must be borne in mind that it is the exclusive province of the administrative trier of fact to pass upon the credibility of witnesses, Coscia v. Willard, 257 F.2d 105, 107 (2d Cir.1958), and the weight of the evidence. O'Kon v. Roland, 247 F.Supp. 743, 747 (S.D.N.Y.1965).

██ Although plaintiff specifically objects to the admission of the ship's logbook into evidence, it is established that strict adherence to the rules of evidence observed in courts of law is not required in administrative proceedings. Id. at 750. Nevertheless, even assuming that the logbook was erroneously admitted, this error would not be prejudicial in that all the facts contained within the relevant pages were likewise elicited by way of witness and deposition testimony.

For the above-stated reasons, plaintiff's within motion is in all respects denied, and defendant's motion granted.

So ordered.