**H & S HARDWARE, Appellant,**

v.

**Michele CECIL and Kentucky Unemployment Insurance Commission, Appellees.**

Court of Appeals of Kentucky.

Aug. 12, 1983.

As Modified Aug. 26, 1983.

J. Michael Poole, Louisville, for appellant.

Kenneth A. Connelly, Jr., Segal, Isenberg, Sales & Stewart, Louisville, William K. Moore, Dept. for Human Resources, Frankfort, for appellees.

Before HOWERTON, COOPER and DUNN, JJ.

DUNN, Judge.

Appellant, H & S Hardware, appeals from the Jefferson Circuit Court's summary judgment awarding unemployment benefits to appellee, Michele Cecil, thus reversing the Kentucky Unemployment Insurance Commission's final decision that she was not entitled to unemployment benefits.

She began her employment with H & S as a part-time employee in August 1978. In May, 1980, she accepted a position of full-time employment with the company at $5.50 per hour. Her work week was for 40 hours. At that rate her annual salary was $11,400.00. There was an understanding that in November, 1980, her annual earnings would be increased to at least $12,-000.00. Even though this increase was not forthcoming, she continued to work without protest under the same terms and conditions until March, 1981.

She then approached the company regarding the raise, demanding an increase of $1.50 per hour for a total of $7.00 per hour. At that rate for 40 hours per week her annual wage would have been $14,560.00. The company countered by offering her an immediate raise of $.50 per hour to $6.00 per hour, or an annual wage at 40 hours of $12,480.00, with two additional $.50 per hour raises at future dates. She did not thereafter contact her employer in this regard before she resigned on April 24, 1981, giving as her reason the company's breach of the agreement concerning the raise in salary.

Her claim for unemployment insurance benefits was denied by an examiner's adjusted determination that she voluntarily terminated her employment without good cause. She appealed from the adjusted determination and the appeals referee affirmed the adjusted determination of denial of her claim. On her appeal from the referee's decision, the commission in its order

affirming the referee's decision adopted his findings of fact and conclusions of law and denied appellant's claim for benefits.

■ The findings of fact in the referee's decision adopted by the commission contain a specific finding that the appellee voluntarily quit suitable employment without good cause. If the findings of an administrative agency are supported by substantial evidence of probative value, which we so find, they must be accepted as binding upon the reviewing court and then it must be determined whether or not the agency misapplied the correct rule of law to facts so found. *Tackett v. Kentucky Unemployment Insurance Commission,* Ky.App., 630 S.W.2d 76 (1982), *Southern Bell Telephone and Telegraph Co. v. Kentucky Unemployment Insurance Commission,* Ky., 437 S.W.2d 775 (1969).

The Jefferson Circuit Court in entering summary judgment in favor of the appellee held the commission's order was "not supported by substantial evidence of productive [sic] value, and misapplied the pertinent law," and reversed the order. It further ordered the commission to immediately begin making benefit payments to appellant. It is from this judgment that appellant prosecutes this appeal. We disagree with the trial court.

■ K.R.S. 341.370(1)(c) provides that a worker shall be disqualified from receiving benefits for the duration of any period of unemployment with respect to which he has left his most recent suitable work without good cause. "Good cause" exists only when the worker is faced with circumstances so compelling as to leave no reasonable alternative but loss of employment. *Kentucky Unemployment Insurance Commission v. Murphy,* Ky., 539 S.W.2d 293 (1976). Whether an employer's refusal to accede to demands of a pay increase constitutes "good cause" in Kentucky has not been established, but there is authority in other jurisdictions that in such a situation benefits were denied. 81 C.J.S. *Social Security,* § 232 (1977).

■ We reverse the judgment of the circuit court for the same reasons employed by the referee as they appear in his decision as follows:

REASONS: KRS 341.270(1)(c) and KRS 341.530(3) provide respectively for the duration disqualification of a worker, and the granting of employer reserve account relief when the worker voluntarily quit suitable employment without good cause.

Work becomes unsuitable when the employer unilaterally offers the conditions of hire, or of ongoing employment to the significant detriment of the employee. A worker who quits unsuitable work does so with good cause. In the instant case, the condition of ongoing employment that was not met was that of the claimant receiving an unspecified raise in pay in November 1980 sufficient to increase her annual income to $12,000.00. She accepted this change in condition of her ongoing employment without protest with the result being that the pay raise of November 1980 was no longer a condition of her ongoing employment. Thus, any subsequent raises in pay became negotiable with the appellee being under no contractual obligation to grant a specific request for a raise in pay. Absent a contractual obligation to the contrary, the appellee's refusal of the claimant's request for a $1.50 per hour raise in pay was within his right and did not render the work unsuitable for the claimant. Therefore, the claimant voluntarily quit suitable employment without good cause. The employers reserve account is granted relief from charges under this claim.

The summary judgment entered by the Jefferson Circuit Court is REVERSED.

All concur.