**KENTUCKY UNEMPLOYMENT INSUR-ANCE COMMISSION, Appellant,**

v.

**Pamela S. KING and K-Mart Corporation, Appellees.**

Court of Appeals of Kentucky.

Aug. 12, 1983.

Case Ordered Published by Court of Appeals Oct. 7, 1983.

Paul F. Fauri, Barbara R. McAdam, Cabinet for Human Resources, Frankfort, for appellant.

Richard W. Born, Danville, for appellee, Pamela S. King.

C.T. Corporation System, Registered Agent for K-Mart Corp., Louisville, for appellees.

Before WHITE, GUDGEL and LESTER, JJ.

WHITE, Judge.

This appeal is taken from a judgment of the Boyle Circuit Court by which it was determined that unemployment benefits should not be denied appellee Pamela King.

As a precedent to employment with K-Mart a number of regulations and policies are reviewed with the worker. Under the Personnel Manager's Checklist heading "Explain rules" is # T: "Friends and relatives when shopping should make purchases from someone other than yourself—eliminate any misunderstandings." Ms. King signed the form indicating that this and all other K-Mart procedures had been explained to her. Nevertheless, although

aware of the prohibition regarding dealings with relatives, in April 1982 Ms. King checked out purchases of her mother and sister. The Personnel Manager observed this breach of company policy, and she was discharged.

Prior to July 1982 there was no statutory consideration of what constituted "misconduct" sufficient to disqualify a terminated employee from unemployment benefits. At issue, therefore, is whether as a matter of law the misconduct for which Ms. King was released from K-Mart also served to deny her claim for benefits.

█ It is said at 76 Am.Jur.2d *Unemployment Compensation* § 52 that "[t]he basic principle at the root of an unemployment compensation statute . . . is . . . the benefit of persons unemployed through no fault of their own." The section continues by noting that "an act of wanton or *wilful disregard* of the employer's interest, a deliberate violation of the employer's rules" would support exclusion from benefits whereas "mere mistakes, inefficiency, [or] unsatisfactory conduct" would not. (Emphasis added.)

The Referee and the Kentucky Unemployment Insurance Commission held:

> KRS 341.370(1)(b) provides for a disqualification when an employee is discharged because of misconduct connected with their work.
>
> The Courts have defined misconduct as being a *wilful* or a wanton *disregard* of the legitimate business of the employer. In this case, whether or not the claimant was guilty of any legal wrongdoing is not relevant. She was aware of the company's policy regarding checking out purchases of close family members. The mother was also aware of this policy, and both parties disregarded such. The policy of the company was not an unreasonable one and, when the claimant *wilfully dis-*
> *regarded* such, her actions constituted misconduct connected with the work, and her employment separation is disqualifying. (Emphasis added.)

The Boyle Circuit Court reversed and held that although Ms. King violated company rules knowingly, she did not do so intentionally and should not be excluded from unemployment benefits. In doing such the lower Court's decision determined that the Kentucky Unemployment Insurance Commission had not applied the correct law in reaching its conclusion.

We cannot agree. It is evident from the highlighted portions above that proper reference to the standard of "wilful disregard" was made. The referee and Kentucky Unemployment Insurance Commission as finders of fact applied this to the situation at hand and determined that facts did exist to support a showing of wilful disregard.

█ The position of the Circuit Court in administrative matters is one of review, not of reinterpretation. Substantial evidence of probative value was received by the Commission to support its position; therefore, the lower Court was without authority to alter its decision. *Southern Bell Telephone and Telegraph Company v. Kentucky Unemployment Insurance Commission,* Ky., 437 S.W.2d 775 (1969).

The Order of the Boyle Circuit Court is reversed and remanded with instructions to affirm the Order of the Kentucky Unemployment Insurance Commission.

All concur.