COMMONWEALTH of Kentucky, DEPARTMENT OF EDUCATION, Appellant,

v.

COMMONWEALTH of Kentucky, Kentucky Unemployment Insurance Commission and James Gregg, Deborah Kent, Jacquie T. Planck, Mary Buckalew and Margaret McClain, Appellees.

No. 89–CA–2383–S.

Court of Appeals of Kentucky.

Nov. 2, 1990.

Deborah Kent, Louisville, pro se.

Jacquie Planck, Prospect, pro se.

Mary Buckalew, Louisville, pro se.

Margaret G. McClain, Louisville, pro se.

James A. Gregg, Louisville, pro se.

Steven D. Yater, Frankfort, for appellant Unemployment Ins. Com'n.

Michael Deep, Frankfort, for appellees.

Before HOWERTON, C.J., and HOWARD and MILLER, JJ.

HOWARD, Judge.

Appellant appeals from the decision of the Franklin Circuit Court affirming the decisions of the Kentucky Unemployment Insurance Commission (hereinafter "the Commission") to award the individual appellees unemployment compensation after they were discharged from the Department of Education without cause. The appellant contends that these individuals had policymaking or advisory positions, and as a result were not entitled to receive unemployment compensation after they were discharged. Each individual appellee's case was heard separately by the Commission, but the five separate cases were consolidated for consideration by the Franklin Circuit Court which affirmed each case in the same opinion.

The controversy with respect to each individual appellee surrounds provisions of KRS 341.055 which establish noncovered employment for unemployment compensation purposes. KRS 341.055(4) states that covered employment shall not include:

> Certain service performed in the employ of this state or any of its political subdivisions, municipalities, or instrumentalities thereof, but only if the service is performed by an individual in the exercise of his or her duties: (f) In a position which, under or pursuant to the state law is designated as a major nontenured policymaking or advisory position or a policymaking or advisory position the performance of the duties of which ordinarily does not require more than eight (8) hours per week or by reason of service on any appointed state or local board or commission.

Appellant contends that the individual appellees fell into this category and were not covered employees. The Commission found that each appellee's position was largely administrative and not policymaking, and as a result, each appellee was entitled to compensation.

Briefly, the respective positions of the appellees were as follows:

James A. Gregg: Academic Program Consultant (8/84 to 3/85), Educational Instructional Services Advisor (3/85 to 8/85), Assistant Director of Office of Instruction (2/86 to 12/86), Education Assistant/Bureau Office Head (12/86 to 8/87), Division Director (8/87 to 1/88).

Deborah Kent: Division Director in Office of Education for Exceptional Children (3/85 to 2/86), Division Director II—same department (2/86 to 1/88).

Jacquie T. Planck: Education Administration Program Consultant (9/86 to

2/87), Division Director II (2/87 to 1/88).

Mary Buckalew: Seasonal Employee (1983 to 1987), Education Assistant Office Head in Department of Personnel Management (8/87 to 1/88).

Margaret McClain: Division Director in Office of Instruction (1984 to 4/1/86), Ombudsman for Superintendent of Public Instruction (3/86 to 11/86), Associate Superintendent in the Office of Instruction (11/86 to 1/88).

Each of these employees was dismissed without cause on January 31, 1988, shortly after the Wilkinson administration began. Most of the later positions that these individuals held were nonclassified positions pursuant to KRS 18A.115.

The Commission, after reviewing each position, nevertheless held that the appellees were entitled to compensation. The Commission held that federal guidelines surrounding unemployment compensation, KRS 341.055, and Kentucky case law require that the Commission and courts look past a position title or position description to the duties actually performed by the employee. The Commissioner of the Unemployment Insurance Commission earlier issued a circular which stated that only cabinet secretaries and department commissioners are exempted under KRS 341.055 which exempts certain employees from unemployment insurance coverage.

The appellant appealed the Commission's findings regarding the appellees to the Franklin Circuit Court. The circuit court upheld the Commission's findings. This appeal followed.

Appellant primarily argues in this case that the Commission and the circuit court clearly erred in finding that the individual appellees were entitled to unemployment compensation following their dismissals from the Department of Education. Appellant contends that the appellees held positions which were nonclassified pursuant to KRS 18A.115, and accordingly appellees were exempt from receiving unemployment compensation under KRS 341.055(4). We believe that the circuit court correctly decided to uphold the decision of the Commis-

sion regarding the five former employees of the Department of Education.

■ The precise issue involved in this case is an issue of first impression in this Court. A review of Kentucky appellate case law yields no opinions squarely addressing this issue. This Court must now examine the method that the Commission and reviewing courts should utilize in determining whether a discharged employee who has held a nonclassified position pursuant to KRS 18A.115 should be entitled to receive unemployment compensation. Specifically, the Commission, pursuant to KRS 341.055(4)(f) is required to determine whether the individual claiming unemployment compensation was employed in a position which under or pursuant to state law is designated as a major, nontenured policymaking or advisory position. If the Commission finds that a claimant was employed in such a position, the Commission must deny the claimant's claim. Due to the differing nature and responsibilities of both classified and nonclassified positions in Kentucky, making this determination can often be difficult.

The Commission has come to rely on two primary sources to support its decision to analyze the duties of each claimant's position on an individual basis. The Franklin Circuit Court in *Horn v. Unemployment Insurance Commission and Department of Transportation*, No. 80–CI–0259, in deciding to remand the case back to the Commission, held that the Commission should scrutinize the actual duties and responsibilities of a claimant's job to determine whether he is entitled to unemployment compensation. The claimant's title or the fact that the claimant was employed in a noncovered merit position should not be controlling in this matter. The court stated that the policy or advisory nature of the actual job's duties must be controlling. The federal guidelines to 1976–PL 94–566, which stated that government employees are entitled to receive unemployment compensation, encouraged a case-by-case consideration to determine a claimant's eligibility. The Commission relied on both of these sources in analyzing each individual appellee's

duties in the instant case before reaching its decision to grant the appellees compensation.

Although the Franklin Circuit Court's decision in *Horn* is not controlling on this Court, we have reviewed this decision and find it to be a well reasoned opinion and find that the case-by-case approach that it favors is legally sound. The key consideration in such cases is whether the claimant's job duties were major policymaking or advisory. The title or nonclassified status of a claimant's position are not the primary considerations. The Commission correctly analyzed the appellees' positions in reaching its decisions.

The appellant, as part of its argument, argues that the Commission's Circular Number 13 which states that only cabinet secretaries and department commissioners are exempted from coverage under KRS 341.055(4)(f), is contrary to the law and should be totally disregarded. While we have fundamental problems with this circular since each case should be addressed on an individual basis, we do not believe the circular played a role in this case. The Commission appears to have individually reviewed the job duties of each appellee. Thus, there is no need to further address the existence of the circular at this point.

It has generally been held that the beneficient provisions of an unemployment compensation act should receive a liberal or broad construction in favor of claimants in order to afford employees the benefits intended by the act. 81 C.J.S. *Social Security* § 159 (1977). The Kentucky Unemployment Compensation law provides that the act shall be liberally construed to accomplish its purposes. *Barnes et al. v. Indian Refining Company*, 280 Ky. 811, 134 S.W.2d 620 (1939).

The Franklin Circuit Court applied the correct standard of review in upholding the Commission's decision. When the findings of fact of an administrative commission are supported by substantial evidence of probative value, the findings are binding upon a reviewing court. *H & S Hardware v. Cecil and Kentucky Unemployment Insurance Commission*, Ky. App., 655 S.W.2d 38, 40 (1983); *Brown Hotel Company v. Edwards*, Ky., 365 S.W.2d 299, 302 (1963). Evidence is substantial if when taken alone or in the light of all the evidence, it has sufficient probative value to induce conviction in the minds of reasonable persons. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972). The reviewing court must then determine whether the agency applied the correct rule of law to its factual findings. *H & S Hardware, supra.* If the court finds the correct rule of law was applied to facts supported by substantial evidence, the final order of the agency must be affirmed. *Brown Hotel Company, supra.* The position of the circuit court in administrative matters is one of review, not of reinterpretation. *Kentucky Unemployment Insurance Commission v. King*, Ky.App., 657 S.W.2d 250 (1983). The circuit court's review is limited to the record made before the Commission. *Kentucky Unemployment Insurance Commission v. Murphy*, Ky., 539 S.W.2d 293, 294 (1976).

The Franklin Circuit Court correctly found that the Commission's findings were supported by substantial evidence and that the Commission applied the correct rule of law. In this case the evidence showed that, although some of the appellees had minor advisory duties, the bulk of their duties was administrative. The Commission correctly considered the duties of each position on an individual basis in determining that none of the claimants were employed in major, nontenured policymaking or advisory positions as stated in KRS 341.055. As a result, the Commission correctly found that each of the appellees was entitled to receive unemployment compensation.

The decision of the Franklin Circuit Court is affirmed.

All concur.