Judy E. BOWLING, Appellant,

v.

NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Phillip J. Shepherd, Appointing Authority; Kentucky Personnel Board; and Tiny Alsip, Appellees.

No. 93–CA–002071–MR.

Court of Appeals of Kentucky.

Oct. 28, 1994.

Case Ordered Published by
Court of Appeals Jan. 6, 1995.

Paul F. Fauri, Frankfort, for appellant.

H. Gene Taylor, Dept. of Law, Frankfort, for appellees, Natural Resources and Environmental Protection Cabinet and Phillip Shepherd.

Steven G. Bolton, Frankfort, for appellee, Kentucky Personnel Bd.

Kevin S. Costello, Breeding, McIntyre & Cunning Ham, P.S.C., Lexington, for appellee, Tiny Alsip.

Before HUDDLESTON, JOHNSON and McDONALD, JJ.

### OPINION

JOHNSON, Judge:

Judy E. Bowling (Bowling) appeals from the judgment of the Franklin Circuit Court overruling a decision of the Kentucky Personnel Board (Board) which ordered the Natural Resources and Environmental Protection Cabinet (Cabinet) to rescind the promotion of appellee Tiny Alsip (Alsip) to the position of administrative secretary and to reopen the selection process for this position. The circuit court held that the Board's order was not supported by substantial evidence in the record and was therefore an arbitrary decision. Since we now reverse the circuit court's ruling, the Board's decision on remand will be reinstated.

On or about August 19, 1991, the Cabinet gave notice of an opening for an administrative secretary in the London regional office of its Department of Surface Mining and Reclamation Enforcement. Three people applied for the position: two employees from the London office (Bowling and Alsip) and an employee of the Transportation Cabinet. The Regional Administrator, James G. Bussell (Bussell), undertook the process of interviewing the applicants and recommending a candidate for the position. Bussell did not interview the Transportation Cabinet employee but instead focused upon Bowling and Alsip, both of whom were already working within his department. On September 16, 1991, Alsip was appointed to the position as administrative secretary. Bowling did not learn of Alsip's appointment until September 27, 1991.

Bowling filed a grievance on October 1, 1991, to which Bussell responded as follows:

> Upon making my recommendation of adm. secretary, I did give consideration to the qualifications, job performance, conduct [and] seniority of both candidates (Ms. Alsip and Ms. Bowling). I felt that each applicant was well-qualified, had performed their job duties without question, and each illustrates the finest of conducts [and] attitudes. The seniority aspect was my determining factor. Ms. Alsip was employed with the dept. on 1–16–82 and Ms. Bowling on 11–1–82. Therefore, I selected Ms. Alsip over Ms. Bowling because Ms. Alsip has more job-related experience (time) within the dept.

Indeed, Bussell had completed an "Employee Candidate Disposition Form" on August 28, 1991, after Bowling's interview and had placed the form in her personnel file. In answer to the inquiry "Job related reason candidate selected was best qualified", Bussell replied: "Candidate selected had some more job-related experience ("time") within the department."

Bowling appealed the denial of the promotion to the Personnel Board on October 7, 1991, and a hearing was held on December 17, 1991. Testimony and evidence before the hearing officer focused upon the applicability of 101 KAR 1:400; a Personnel Board administrative regulation promulgated under KRS 18A.0751(4)(f). That regulation provides in pertinent part as follows:

> (1) Agencies shall give appropriate consideration to an applicant's qualifications, record of performance, conduct and seniority in the selection of an employee for a promotion.

101 KAR 1:400(1). Seniority is defined in KRS 18A.005(30) as "the total number of months of state service." In his findings of fact, the hearing officer determined that the Cabinet, through Bussell, gave appropriate consideration to qualifications, record of performance and conduct in its selection of Alsip for the promotion, but did not give appropriate consideration to seniority.

The hearing officer explained as follows:

> Mr. Bussell considered "seniority" as "seniority within his department." While job knowledge gained over time within his department may be considered by Mr. Bussell under one of the other criteria, it is inappropriate to do such under "seniority" criteria. Mr. Bussell should have determined the "seniority" criteria utilizing the definition of "seniority" as defined in KRS Chapter 18A, specifically, the "total months of state service", that is, the total number of months each applicant has been employed in state government, not just within his department.

The hearing officer noted that at the time the promotion to the position of administrative secretary was offered, Bowling had accumulated a total of 186 months of state service, while Alsip had 107 months. However, within the department, Alsip commenced her employment on January 16, 1982, and Bowling followed almost nine and a half months later on November 1, 1982. Yet during the approximate nine-year period that both Alsip and Bowling worked for the department, Alsip was a seasonal and temporary employee in the beginning and thus had several short breaks in employment. As a result, the actual difference in monthly service within the department amounted to four months more service by Alsip than Bowling over the nine-year period.

These findings of fact and the hearing officer's recommended order were entered on December 20, 1991, and were subsequently adopted by the Personnel Board as its final decision. The final decision held that the promotion of Alsip to the position of administrative secretary be rescinded because the Cabinet failed to give appropriate consideration to seniority under 101 KAR 1:400(1) in its selection and ordered the Cabinet to open a new search for the position, giving appropriate consideration to each applicant's qualifications, record of performance, conduct and seniority, with seniority to be based on total time spent in state service.

Bowling, Alsip, and the Cabinet appealed the final order of the Board to the Franklin Circuit Court. Bowling in her appeal sought to obtain the additional relief from the Board of being placed in the administrative secretary position or a like position and to receive

appropriate compensation from the time Alsip was placed in the position. The Cabinet and Alsip filed petitions with the court requesting that the final order of the Board be reversed and Alsip's promotion upheld. The three actions were consolidated upon motion by the Cabinet. Bowling moved to dismiss Alsip's appeal on the ground that since Bowling was not made a party to Alsip's appeal as required by KRS 18A.100 that the court was without jurisdiction to hear the appeal. The circuit court overruled the motion.

The circuit court opined on July 2, 1993, that the decision by Bussell in selecting Alsip and his position on seniority reflected "a 'personal preference' between two equally qualified candidates for promotion." The court further held that the Board's order is not supported by substantial evidence and thus is an arbitrary decision. Bowling thereafter moved to alter, amend or vacate the judgment and was overruled. This appeal followed.

On appeal, Bowling makes three arguments: (1) the Board's order is supported by substantial evidence and the circuit court's order to the contrary is erroneous; (2) the Board's order failed to provide her with the complete relief to which she was entitled, i.e. promotion to the position of administrative secretary; and (3) the circuit court did not have jurisdiction to consider Alsip's appeal of the Board's order. Finding Bowling's first and second arguments to be dispositive of her appeal, we do not reach Bowling's final argument.

## I.

First, we believe the Board's findings of fact are supported by substantial evidence and the Board applied the correct rule of law to its factual findings, thus requiring the final order of the Board to be upheld. "Judicial review of an administrative agency's action is concerned with the question of arbitrariness." *Com. Transp. Cabinet v. Cornell*, Ky. App., 796 S.W.2d 591, 594 (1990), *citing American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission*, Ky., 379 S.W.2d 450, 456 (1964). Section 2 of the Kentucky Constitution prohibits the exercise of arbitrary power by an administrative agency. *Id.*

In determining whether an agency's action was arbitrary, the reviewing court should look at three primary factors. The court should first determine whether the agency acted within the constraints of its statutory powers or whether it exceeded them. (citation omitted). Second, the court should examine the agency's procedures to see if a party to be affected by an administrative order was afforded his procedural due process. The individual must have been given an opportunity to be heard. Finally, the reviewing court must determine whether the agency's action is supported by substantial evidence. (citation omitted). If any of these three tests are failed, the reviewing court may find that the agency's action was arbitrary.

*Com. Transp. Cabinet v. Cornell*, 796 S.W.2d at 594. *See also* KRS 18A.100(5). Because no arguments were addressed to the first two factors and because we nevertheless find them satisfied by the evidence in the record, we focus only upon whether the Board's final decision is supported by substantial evidence.

"On factual issues[ ], a circuit court in reviewing the agency's decision is confined to the record of proceedings held before the administrative body and is bound by the administrative decision if it is supported by substantial evidence." *Id.* at 594. "If there is any substantial evidence to support the action of the administrative agency, it cannot be found to be arbitrary and will be sustained." *Taylor v. Coblin*, Ky., 461 S.W.2d 78, 80 (1970). Substantial evidence has been conclusively defined by Kentucky courts as that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972), *citing Blankenship v. Lloyd Blankenship Coal Company, Inc.*, Ky., 463 S.W.2d 62 (1970).

▮▮▮ In weighing the substantiality of the evidence supporting an agency's decision, a reviewing court must hold fast to the guiding principle that the trier of facts is afforded

great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before it. *Kentucky State Racing Commission v. Fuller, supra,* at 308. The former Court of Appeals in its discussion of the substantial evidence standard in *Kentucky State Racing Commission v. Fuller* addressed at length the notion that although a reviewing court may arrive at a different conclusion than the trier of fact in its consideration of the evidence in the record, this does not necessarily deprive the agency's decision of support by substantial evidence. *Citing Chesapeake and Ohio Railway Company v. United States,* 298 F.Supp. 734 (D.C. 1969), the Court observed:

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.

*Kentucky State Racing Commission v. Fuller, supra,* at 307. The Court underscored this point by further stating:

> Regardless of the fact that this Court might have reached a contrary result if it were hearing this case *de novo,* it is required on the basis of its posture as a reviewing body to affirm the administrative determination. For it must be borne in mind that it is the exclusive province of the administrative trier of fact to pass upon the credibility of witnesses, and the weight of the evidence.

*Id.* at 308, *citing Wheatley v. Shields,* 292 F.Supp. 608 (D.C.1968). To put it simply, "the trier of facts in an administrative agency may consider all of the evidence and choose the evidence that he believes." *Com. Transp. Cabinet v. Cornell, supra,* at 594.

■ The record in this case amply demonstrates, through written documents and Bussell's own statements before the hearing officer, that Bussell relied upon seniority within his own department as the determining factor in his decision to promote Alsip to the position of administrative secretary, rather than seniority defined by KRS 18A.005(30) as the total number of months of state service. We believe that the evidence at the hearing was more than enough to induce conviction in the mind of a reasonable person that Bussell misconceived the manner in which seniority was to be determined, hence he failed to give appropriate consideration to the factor of seniority as mandated in 101 KAR 1:400(1) and defined by KRS 18A.005(30). As a result, the final decision of the Personnel Board was supported by substantial evidence as required by Kentucky law. Even though the Franklin Circuit Court considered Bussell's decision to be "a 'personal preference' between two equally qualified candidates for promotion," its role was not to invade the exclusive province of the factfinder and to substitute its own assessment of the evidence for that of the Personnel Board. The Board as trier of facts considered all of the evidence and chose the evidence it believed. Because we find that the Board's findings of fact are supported by substantial evidence, those findings were binding upon the Franklin Circuit Court and this Court.

■ If an agency decision is supported by substantial evidence, the "reviewing court must then determine whether the agency applied the correct rule of law to its factual findings." *Commonwealth, Department of Education v. Commonwealth,* Ky.App., 798 S.W.2d 464, 467 (1990), *citing H & S Hardware v. Cecil,* Ky.App., 655 S.W.2d 38, 40 (1983). *See also* KRS 18A.100(5)(d). "If the court finds the correct rule of law was applied to facts supported by substantial evidence, the final order of the agency must be affirmed." *Id., citing Brown Hotel Company v. Edwards,* Ky., 365 S.W.2d 299, 302 (1963). We believe the Board correctly applied 101 KAR 1:400(1) to its findings of fact in reaching the conclusion that the seniority of Bowling and Alsip, being the total number of months of state service as defined by KRS 18A.005(30), had not been given appropriate consideration in the promotion of Alsip to the position of administrative secretary. The Board's interpretation of 101 KAR 1:400(1) complies with the actual language of the regulation and is thus valid. *Hagan v. Farris,* Ky., 807 S.W.2d 488, 490 (1991).

Contrary to the argument by the Cabinet, the Board did not modify 101 KAR 1:400(1) by internal policy, memorandum, or other form of action, which is prohibited by KRS 13A.130. *Id.* Section (3) of KRS 13A.130 clearly demonstrates that the Cabinet's argument is meritless. It reads as follows: "This section shall not be construed to prohibit an administrative body issuing an opinion or administrative decision which is authorized by statute." KRS 13A.130(3). In this case, the Personnel Board construed the meaning of 101 KAR 1:400(1) through its statutory authority to issue a final determination for the disposition of appeals heard by it. KRS 18A.095(27). "Contemporaneous construction by an administrative body of a regulation which it [has] adopted is of great weight in adjudging the meaning of such regulation." *J. B. Blanton Company v. Lowe,* Ky., 415 S.W.2d 376, 378 (1967). Therefore, because the Personnel Board's findings of fact were supported by substantial evidence and further because the Board applied the correct rule of law to its factual findings, we conclude that the Franklin Circuit Court erred in overruling the Board's final order. *Commonwealth, Department of Education v. Commonwealth, supra,* at 467.

## II.

■ Bowling's second argument is that the Board's order failed to provide her with the complete relief to which she was entitled, which was promotion to the position of administrative secretary. In her brief, Bowling accurately cites KRS 18A.095(23)(d) as authority for the Personnel Board's power to grant relief to aggrieved employees before it on appeal. That statute states: "In all other cases, the board shall rescind the action taken or otherwise grant such other relief to which the employe is entitled." KRS 18A.095(23)(d).

The Board, in its order of December 20, 1991, directed that Alsip's promotion to the position of administrative secretary be rescinded and that a new search for the position be conducted, giving appropriate consideration to each applicant's qualifications, record of performance, conduct, and seniority pursuant to 101 KAR 1:400(1). The factor of seniority was to be based on total time spent in state service, as mandated by KRS 18A.005(30).

The Board did not make a finding that the record compelled Bussell to hire Bowling. Rather, the Board found that Bussell failed to properly follow the statutory and regulatory procedure in filling the administrative secretary position, and ordered the Cabinet to reopen the position. There is substantial evidence to support this finding, so it is not arbitrary and must be affirmed.

■ Alsip's argument that the Board's action in rescinding her promotion constitutes a penalization of her as a demotion under KRS 18A.005(8) is unfounded. The result of the Board's ruling is that Alsip's promotion to administrative secretary was void *ab initio.* Alsip cannot claim legal entitlement to a promotion that was made illegally. *Whalen v. City of Atlanta,* 539 F.Supp. 1202, 1206 (N.D.Ga.1982). Failure by the Cabinet to hire in compliance with 101 KAR 1:400(1) rendered null and void the property rights of Alsip in the position of administrative secretary. *Kauffman v. Puerto Rico Telephone Company,* 841 F.2d 1169, 1175 (1st Cir.1988). Further, the Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions. *Bishop v. Wood,* 426 U.S. 341, 350, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684, 693 (1976). The effect of the Board's order is to reopen the administrative secretary position with the application process to begin anew.

Accordingly, we reverse the decision of the Franklin Circuit Court overruling the Kentucky Personnel Board's order of December 20, 1991, and remand this case to the circuit court for entry of an order reinstating the Board's order.

All concur.