Avalee **SMITH** and Donna
Smith, Appellants,

v.

**KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION, Commonwealth
of Kentucky and Union Underwear
Company, Inc. (d/b/a Fruit of the Loom),
Appellees.**

No. 94–CA–1364–MR.

Court of Appeals of Kentucky.

May 5, 1995.

Case Ordered Published by
Supreme Court July 21, 1995.

Robert Hanson, Appalachian Research and Defense Fund of Kentucky, Inc., Columbia, for Appellants.

Robert L. Bell, Sr., Frankfort, for Appellee Kentucky Unemployment Insurance Commission.

David T. Whitaker, J. Scott Evans, Bowling Green, for Appellee Union Underwear Company, Inc.

Before DYCHE, GUDGEL and JOHNSTONE, JJ.

## OPINION

JOHNSTONE, Judge.

This appeal centers on the propriety of appellants' disqualification from receiving unemployment insurance benefits for work-related misconduct in having tested positive for marijuana and in having failed to list marijuana on a form related to the drug test. We affirm.

The facts are simple and largely undisputed. Appellants had been employees of appellee Fruit of the Loom since the mid–1980's. On the morning of November 24, 1992, appellants became involved in a verbal altercation with other employees in the employer's parking lot. As part of the investigation of this incident, the parties involved in the dispute were required to submit to a drug test in compliance with the employer's drug policy and in response to information given by another participant in the altercation concerning appellants' drug use during work hours. Compliance with the drug testing policy required appellants to complete and sign a "Release of Liability" which contained the following provision:

> In order to insure the accuracy of the testing procedure, I list below all drugs, whether prescription or not, that I have taken in the last two weeks.

Neither appellant listed marijuana although they later admitted to having smoked marijuana at a party the previous weekend, some three days prior.

After the tests were positive for the presence of marijuana, appellants were discharged with the employer citing the positive drug tests and the failure to truthfully complete the form required as part of the test.

Appellants subsequently pressed claims for unemployment benefits which were ultimately denied on the basis of work-related misconduct. An appeal to the Kentucky Unemployment Insurance Commission resulted in an order upholding the referee's decision based on the following rationale:

> We find merit in counsel's argument that violation of work rules not distributed or posted is not misconduct pursuant to KRS 341.370(6). We also find merit in counsel's argument that the evidence does not demonstrate that claimant exhibited any particular signs of drug influence except a positive drug test. Indeed, a strong case is made that claimant's admission to off-duty illegal drug test does not prove that claimant reported to work under the influence of drugs. Thus, claimant did not meet the statutory definitions for work related misconduct in KRS 341.370(6) for violating work rules or for reporting to work under the influence of drugs. We agree. However, the definitions found in KRS 341.370(6) are not a complete list and misconduct may be found when such definitional are not met.

> In this case, the employer did make claimant aware of its intent to have a drug-free workplace, did have a reasonable basis to send claimant for drug testing as a result of a verbal altercation on its premises and allegations that claimant had used drugs on its property, and did have a right to expect claimant to answer questions truthfully about drug usage once claimant agreed to be tested for drug use.

> Base[d] on all evidence of record, we find that claimant's actions were in willful and wanton disregard of the employer's legitimate interest in maintaining a drug free workplace. His discharge as a result of his actions constitute[d] work related misconduct.[1]

Appeal to the Russell Circuit Court produced a similar result, precipitating this appeal. Appellants again argue that they could not be discharged for failing to observe a work policy that had not been properly published and that, in the absence of a properly published work rule, their refusal to disclose

---

1. This quotation is drawn from the commission's decision referencing only the appeal of Avalee Smith. The record provided us on appeal contains no commission order in the appeal of Donna Smith, although there is a letter from counsel for both Donna and Avalee requesting the commission to consolidate their cases on appeal. In his brief to this Court, counsel added an [s] to the word claimant in quoting the commissioner's order. We therefore construe this order as applying to both Avalee and Donna.

off-duty, off-premises use of marijuana could not be an independent ground for misconduct. We disagree.

■ Appellants' first argument is based upon the language of KRS 341.370(6) which predicates disqualification from receiving benefits on *knowing* violations. It is their position that because the employer's drug testing policy had not been presented to them or posted in the workplace, they could not be penalized for failing to adhere to its mandates.

The trial judge concluded that appellants were sufficiently aware of the employer's intention to maintain a drug-free workplace to overcome any deficiency in failing to receive a personal copy of the policy. Appellants had in fact signed pledge cards evidencing their promise to keep the workplace drug free. There is no doubt that substantial evidence existed to support the finding that appellants were aware of the drug policy and that awareness in turn gave rise to a knowing violation.

We are firmly convinced that the decision of the trial judge falls within the reasoning set out in *Kentucky Unemployment Commission v. King*, Ky.App., 657 S.W.2d 250, 251 (1983):

> It is said at 76 Am.Jur.2d *Unemployment Compensation* § 52 that "[t]he basic principle at the root of an unemployment compensation statute ... is ... the benefit of persons unemployed through no fault of their own." The section continues by noting that "an act of wanton or *wilful disregard* of the employer's interest, a deliberate violation of the employer's rules" would support exclusion from benefits whereas "mere mistakes, inefficiency, [or] unsatisfactory conduct" would not. (Emphasis added).

The conduct at issue in this case manifests a "wilful disregard of the employer's interest" sufficient to disqualify them from receiving benefits. Both the commission and the circuit court properly analyzed the conduct and correctly applied KRS 341.370(6).

■ Next, appellants argue that their failure to truthfully complete the drug test release could not be an independent ground for disqualification because the drug policy was not properly published. Again, we disagree. The circuit judge correctly noted that an employer has a legitimate expectation that inquiries of any sort will receive a truthful response. Providing false information in response to a reasonable inquiry can certainly constitute misconduct under the statute. Publication of the drug policy, or lack thereof, has absolutely no bearing on the employer's rightful expectation of truthful responses from its employees.

In sum, we find no basis for disturbing the decision of the trial judge and his judgment in this case is affirmed.

All concur.

