**DAVID GAINES ROOFING, LLC, Appellant,**

v.

**KENTUCKY OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION; and Kentucky Department of Labor, Appellees.**

**No. 2010–CA–001050–MR.**

Court of Appeals of Kentucky.

April 22, 2011.

Case Ordered Published by Court of Appeals July 1, 2011.

Discretionary Review Denied by Supreme Court Aug. 17, 2011.

John H. Gray, Frankfort, KY, for appellant.

Frederick G. Huggins, Frankfort, KY, for appellee, Kentucky Occupational Safety and Health Review Commission.

James R. Grider, Jr., Frankfort, KY, for appellee, Kentucky Labor Cabinet.

Before CAPERTON and DIXON, Judges, LAMBERT,[1] Senior Judge.

*OPINION*

DIXON, Judge:

On February 22, 2006, two employees of Appellant, David Gaines Roofing, LLC, were working on a roofing project in Lex-

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

ington, Kentucky. Anthony Bledsoe, a compliance officer with the Kentucky Labor Cabinet, visited the construction site after receiving a telephone referral that the roofers were not wearing fall protection safety equipment. Bledsoe observed two men on the roof of a two story house, exposed to a risk of falling 10 to 20 feet, without safety equipment.[2] Bledsoe interviewed the employees, who admitted they had not been using the safety harnesses that day. Bledsoe telephoned David Gaines, the owner of the company, and he arrived at the construction site to speak with Bledsoe about the inspection. Gaines advised Bledsoe that the employees had received safety training, and they knew they were required to wear fall protection harnesses.

As a result of Bledsoe's inspection, he recommended that the Department of Labor issue a citation to Appellant for a repeat/serious violation[3] of the fall protection regulation and assess a $4000 penalty.

Appellant contested the citation and appealed to the Kentucky Occupational Safety and Health Review Commission (KOSHRC). Following an evidentiary hearing, the hearing officer issued a recommended order affirming the citation. Dissatisfied with the hearing officer's findings, Appellant sought discretionary review from the full KOSHRC. The KOSHRC granted review and ultimately rendered a decision affirming the hearing officer's recommended order. In its order, the KOSHRC stated:

In the case at bar David Gaines Roofing had in the past been cited for steep roofing violations. Mr. Gaines had trained his men but then absented himself from the work site, putting himself in a position where he could not enforce the steep roof standard. Given its history of prior violations, David Gaines Roofing must do more than simply train its men about fall protection and then take no steps to ensure compliance with the fall protection standards. The employer has a statutory duty to comply with the occupational safety and health standards. KRS 338.031(1)(b).

Thereafter, Appellant sought judicial review in Franklin Circuit Court, alleging the KOSHRC's decision was not supported by substantial evidence. In May 2010, the circuit court rendered an opinion affirming the KOSHRC's order, and this appeal followed.

When this Court reviews an administrative decision, "if there is substantial evidence in the record to support an agency's findings, the findings will be upheld, even though there may be conflicting evidence in the record." *Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 856 (Ky.1981) (citation omitted). "In weighing the substantiality of the evidence supporting an agency's decision, a reviewing court must hold fast to the guiding principle that the trier of fact is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before it." *Bowling*

---

**2.** Pursuant to 29 CFR § 1926.501(b)(11), "Each employee on a steep roof with unprotected sides and edges 6 feet (1.8 m) or more above lower levels shall be protected from falling by guardrail systems with toeboards, safety net systems, or personal fall arrest systems."

**3.** A violation is classified as serious "if there is a substantial probability that death or seri-

ous physical harm could result from a condition which exists ... unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation." KRS 338.991(11). Additionally, Appellant had received two prior citations for the same safety violation, although one citation was pending on appeal at the time of the administrative hearing.

*v. Natural Resources and Environmental Protection Cabinet,* 891 S.W.2d 406, 409–10 (Ky.App.1994) (citation omitted). If substantial evidence supports the agency's decision, "the reviewing court must then determine whether the agency applied the correct rule of law to its factual findings." *Id.* at 410 (citation and internal quotation marks omitted).

■ At the outset, we note the Kentucky Occupational Safety and Health Act (KOSHA) mirrors the language of its federal counterpart; accordingly, "KOSHA should be interpreted consistently with federal law." *Kentucky Labor Cabinet v. Graham,* 43 S.W.3d 247, 253 (Ky.2001) (abrogated on other grounds by *Hoskins v. Maricle,* 150 S.W.3d 1 (Ky.2004)).

■ To establish a safety violation, the labor cabinet "must prove by a preponderance of the evidence (1) the applicability of the standard, (2) the employer's noncompliance with the terms of the standard, (3) employee access to the violative condition, and (4) the employer's actual or constructive knowledge of the violation." *N & N Contractors, Inc. v. Occupational Safety & Health Review Comm'n,* 255 F.3d 122, 126 (4th Cir.2001).

In the case at bar, Appellant challenges the sufficiency of the evidence as to the fourth element, employer knowledge. It is undisputed Appellant did not have actual knowledge of the violation because Gaines, as the owner and sole officer, was not at the construction site; consequently, the issue is whether substantial evidence supported the finding that Appellant had constructive knowledge that its employees were violating the safety regulation by not wearing fall protection.

In *N & N Contractors, supra,* the Fourth Circuit Court of Appeals explained,

An employer has constructive knowledge of a violation if the employer fails to use reasonable diligence to discern the presence of the violative condition. Factors relevant in the reasonable diligence inquiry include the duty to inspect the work area and anticipate hazards, the duty to adequately supervise employees, and the duty to implement a proper training program and work rules.

*Id.* at 127 (internal citation omitted).

Appellant asserts that, as a small company, Gaines could not be present on every job site to supervise the employees. Appellant further contends it satisfied its statutory duty under KOSHA by training employees and providing them with safety equipment.

■ After careful review, we agree with the circuit court's resolution of this issue:

The record contains documentary evidence supporting the citation, including the testimony of the compliance officer and photographs of two David Gaines Roofing employees working without required fall protection on a roof above six feet. Further, there is proof that Petitioner knew or should have known that his employees were not wearing fall protection. The inspection resulted from a referral, meaning that a member of the public observed the roofing violation and called the Department of Labor to report it, indicating that the violation was both highly visible and of an extended duration. Moreover, Petitioner had been cited two times previously for the same hazardous condition, which served as a warning of possible future violations. While Mr. Gaines asserted that he trained his employees on fall protection and provided the proper equipment, Mr. Gaines acknowledged that he cannot be certain his workers use the equipment when he is not on site.

Petitioner's contention that small roofing companies should not be held to the

same safety standards as larger companies is both troubling and without merit. Specifically, Petitioner asserts that 'it is unreasonable to expect a small company like David Gaines Roofing' to have 'a foreman or supervisor at each site to insure that the employees are protecting themselves in accordance with Department of Labor requirements.' Petitioner's Brief at 5. The mandate that employers in Kentucky '[s]hall comply with' the occupational safety and health standards found in Chapter 338 does not apply solely to large businesses; the duty of an employer to protect his roofing employees from falls is universal. Employees of small businesses should be as assured of protection as employees of larger businesses. 29 CFR 1926.501(b)(11) requires that '[e]ach employee on a steep roof with unprotected sides and edges 6 feet [ ... ] or more above lower levels *shall be protected* from falling.

In sum, although Appellant opines that it provided the necessary equipment and training, the record clearly contains substantial evidence to support the agency's determination that Appellant, with reasonable diligence, could have discovered that its employees were not complying with the safety regulations. We agree with the circuit court that the agency's decision was supported by the record, and it correctly applied the law to the facts of this case.

■ Finally, Appellant briefly asserts he was entitled to relief based on an affirmative defense of employee misconduct. We decline to address this contention, as it was not addressed in the proceedings below; consequently, it was not preserved for appellate review. *Deaton v. Kentucky Horse Racing Authority,* 172 S.W.3d 803, 807 (Ky.App.2004).

For the reasons stated herein, we affirm the judgment of the Franklin Circuit Court.

ALL CONCUR.